**UNITED STATES v. LEITNER et al.**

No. 28814.

United States District Court
N. D. California, S. D.
Oct. 12, 1949.

Sidney Feinberg, William B. Spohn, San Francisco, Cal., for plaintiff.

John F. O'Sullivan, San Francisco, Cal., for defendants.

ERSKINE, District Judge.

Plaintiff's action, brought under authority of Section 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1896, is. for an injunction against violation of said Act and for restitution to the tenants entitled thereto of all amounts in excess of the lawful maximum rent on the premises involved which have been demanded or received by the defendants.

In answer the defendants allege that from March 1942 through July 12, 1947 the

premises were occupied by one Leres as compensation for services rendered as servant, caretaker, and manager, and therefore were exempt from rent controls by virtue of certain provisions of the Act. In answer to plaintiff's interrogatories, defendants further admit collecting $65.00 per month rent from January 1, 1948 to and including February 1949, from Mr. and Mrs. Merald Hawkins the tenants occupying the premises at the commencement of the action, but deny that the premises are or ever were under control, because of the said exemption provisions of the statute.

■ Plaintiff now moves to strike defendants' interrogatories and for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that there is remaining no general issue as to material facts, but that, assuming the facts to be as alleged or admitted by the defendants, the only question remaining is one of law. This appears to be the case, and the only question for this court is whether, under the applicable sections of the statute, the premises in question were subject to maximum rental ceilings during the period from January 1, 1948 to and including February 1949.

■ Under the terms of the Housing Act of 1947, the term "controlled housing accommodations" does not include any housing accommodations which for any successive 24 month period (between February 1, 1945 and March 31, 1948) were not rented (other than to members of the immediate family of the landlord) as housing accommodations. 50 U.S.C.A.Appendix, § 1892 (c) (3)(B). In other words, if the apartment was held vacant, occupied by the landlord, or rented only to members of the landlord's immediate family it is not subject to control under the 1947 Act. It should be noted that the statute does *not* state that any housing accommodations not subject to the *maximum rent regulations* for two years would be decontrolled.

The statute further provides that "Rent" means the consideration, including any bonus, *benefit,* or gratuity demanded or received for or in connection with the use or occupancy of housing accommodations. 50 U.S.C.A.Appendix, § 1892(e).

Section 1(b)(2) of the Rent Regulations issued under the authority of the Housing and Rent Act of 1947 states that the *regulations* do not apply to "dwelling space occupied by domestic servants, caretakers, managers or other employees to whom the space is provided as part or all of their compensation, and who are employed for the purpose of rendering services in connection with the premises of which the dwelling space is a part." 12 F.R. 4331. These regulations were not to apply to such service employees' accommodations for the reason that it was expected that such employees would be paying little or no rent, and it was desired to free such accommodations from the other types of regulations such as those pertaining to minimum space, services, furniture, inspection, and registration.

The Housing Administrator has interpreted the statute and the regulations in the following manner: "Where during the two year period housing accommodations were rented under circumstances which caused the renting to be exempt from the rent regulations, the mere fact that such an exemption existed does not result in decontrol. For example, where the housing accommodations were occupied during the two year period by a janitor, the housing accommodations, so long as this situation existed, were exempt from the rent regulations. If, however, after the expiration of the two year period, the housing accommodations are no longer occupied by a janitor under such an arrangement, but are rented to a tenant under an ordinary rental agreement, the exemption (from the regulations) ceases to apply and the question arises whether they are decontrolled on the basis that they had not been "rented" during the two year period. Such housing accommodations are not decontrolled on that basis because, even though they were exempt during the two year period, they were rented during that period to a person who was not a member of the landlord's immediate family." It is only the latter class of persons rental to whom will not bar decontrol at the end of the two year period.

■ Thus, under the Administrator's interpretation, the premises involved herein,

630

though not subject to the rental regulations during the period of the occupancy of the caretaker-manager, were not decontrolled at the end of such occupancy. This interpretation was followed by the District Court of the Southern District of California in the case of Woods v. Lansdowne, 1949, 86 F.Supp. 811, and would appear to be correct. In view of the definition of "rent" in the statute and in the regulations, accommodations occupied by a service employee as part or all of his compensation is "rented" and therefore not decontrolled. Administrative interpretation of regulations. is of controlling weight unless plainly erroneous or inconsistent with the regulations. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700.

Likewise, the regulations being in full accord with the statute cannot be overturned.

Defendants rely as a defense upon certain statements and advice given by the Office of Housing Administration in March of 1948 to the effect that the premises involved were decontrolled by the Housing and Rent Act of 1947. However, it appears that such representations were made on the basis of a "Decontrol Report for Housing Accommodations" filed by the defendant Barden, which stated that the dwelling unit was "at no time during the period February 1, 1945 to January 31, 1947 * * * rented (other than to members of the immediate family of the occupant [sic]) as housing accommodations." Under the admitted facts, this statement was not true, as a matter of law; consequently the defendant had no right to rely upon any statement by the local Housing Administration officials. Moreover, it is a general rule that an administrative determination does not constitute an estoppel against the United States. Walker-Hill Co. v. U. S., 7 Cir., 162 F.2d 259, certiorari denied 332 U.S. 771, 68 S.Ct. 85, 92 L.Ed. 356.

In the light of the admitted facts and the above conclusions of law, it is the opinion of the court that the plaintiff's motions to strike the defendants' interrogatories and for summary judgment should be granted. Decree in accordance with this opinion will be entered.