**WOODS, Housing Expediter, v. MACKEN.**

**No. 5941.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 9, 1949.

Decided Dec. 19, 1949.

---

3. See, also, Knight v. Wertheim & Co., 2 Cir., 158 F.2d 838, 843.

Francis X. Riley, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C. (Ed Dupree, General Counsel, Hugo V. Prucha, Assistant General Counsel, and Nathan Siegel, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., on the brief), for appellant.

Ellsworth H. Steinberg, Baltimore, Md. (Mitchell A. Dubow, Baltimore, Md., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal by the Housing Expediter from a final judgment of the United

512

States District Court for the District of Maryland entered on April 12, 1949, dismissing his complaint and denying all relief in an action under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq., for alleged violation of the Controlled Housing Rent Regulation (12 F.R. 4331).

The Controlled Housing Rent Regulation contains the following language:

"§ 825.4 *Maximum rents—(a)—Maximum rents in effect on June 30, 1947*. Except as otherwise provided in this section, the maximum rent for any housing accommodations subject to §§ 825.1 to 825.12 shall be the maximum rent which was in effect on June 30, 1947, as established under the Emergency Price Control Act of 1942, as amended [50 U.S.C.A.Appendix, § 901 et seq.] and the applicable rent regulation isued thereunder, plus or minus adjustments under § 825.5.

"§ 825.7 *Registration—(a)—Registration statement*. Every landlord of controlled housing accommodations rented or offered for rent shall file in triplicate a written statement on the form provided therefor, to be known as a registration statement, unless a registration statement was heretofore filed in accordance with the provisions of section 7 of the Rent Regulation for Housing issued pursuant to. the Emergency Price Control Act of 1942, as amended. For housing accommodations rented prior to June 1, 1947, such registration statement shall be filed on or before July 10, 1947. For housing accommodations first rented on or after June 1, 1947, such registration statement shall be filed on or before July 30, 1947, or within 30 days after first renting, whichever is later. * * *"

Defendant was and is the owner of the premises located in the Defense Rental Area at Baltimore, Maryland, known as No. 4606 Harford Road. This building contained a first floor apartment consisting of four rooms which was originally registered under the Regulation on August 3, 1942, at a rental of $45 per month, and thereafter rented to one tenant for $45 per month. During 1946, defendant altered said first floor premises by changing the same from one unit to two units. On July 30 of that year, the front apartment was registered for $25 per month and the rear apartment was registered for $35 per month. These registrations and rentals were duly filed with the local representative of the Housing Expediter, and the two new apartments were then rented to two separate tenants at the rents just mentioned. On September 8, 1947, defendant rented the two units comprising the entire first floor to a single tenant at the rate of $60 per month, or the aggregate of the amounts paid by the two previous tenants. The defendant received this rental of $60 per month from the new tenant during the period from September 8, 1947, to October 9, 1948.

The Housing Expediter, claiming that under the Controlled Housing Rent Regulation the maximum rent for the whole first floor apartment was frozen at $45 per month, brought this suit for an injunction and for restitution of rental payments in excess of the rent in existence on the freeze date. Defendant in his answer denied violation and claimed that the two registration statements filed in 1946 superseded the original registration filed in 1942, and that the maximum rental established on the freeze date period was no longer controlling. The District Court sustained the position of defendant.

Section 4 of the Controlled Housing Rent Regulation (10 F.R. 1358) states that "maximum rents (unless and until changed by the Administrator * * *) shall be * * * the maximum rent which was in effect on June 30, 1947, as established under the Emergency Price Control Act of 1942 * * *." It cannot be said that the 1946 registrations superseded the 1942 registration unless they applied to different premises; for it is well settled that the maximum rental, as established by the Controlled Housing Rent Regulation, cannot be changed by the mere action of the landlord in filing new registration statements. These registration statements are not binding on the Expediter and in themselves afford no warrant to the landlord to charge a rental higher than the original

rental fixed at the freeze time. The registration statement merely informs the Expediter of the present status of the property; it does not establish the maximum rent. Woods v. Forest Hills South, 2 Cir., 172 F.2d 147; Kalwar v. McKinnon, 1 Cir., 152 F.2d 263. As Circuit Judge Magruder said in Kalwar v. McKinnon, 152 F.2d at page 265: "The foregoing argument is contradicted by the plain words of the regulation. Under § 1388.284, the maximum rent is the rent for the housing unit on March 1, 1942, 'unless and until changed by the Administrator.' The Administrator has made no order fixing the maximum rent in the particular instance at $47.50, nor has he made any order under § 1388.-285 changing the maximum rent from that established automatically by the application of the formula provided in § 1388.284. Under § 1388.287, the landlord is required to specify in the registration statement *'the maximum rent provided by this Maximum Rent Regulation* for such dwelling unit.' If he specifies it incorrectly, he does not thereby establish the maximum legal rent at the asserted figure. To make this clear, the Administrator has caused to be stamped on the face of the registration statement, 'Maximum rent subject to examination and review.' " The same stamp is placed upon defendant's Exhibits 2 and 3 in the case before us. And, in Woods v. Forest Hill South, 2 Cir., 172 F.2d 147, 149-150, Circuit Judge Augustus Hand stated: "The suggestion of the trial judge that the defendants' registration certificates which stated that garage space was not included in the leases affect the issues before us seems unwarranted. These certificates in no way bind the Housing Expediter and at best can only furnish ex parte information on which corrective measures may be based."

■ Furthermore, on December 1, 1942, the Price Administrator issued an interpretation (O.P.A. Service, 200: 1222) which stated that a dwelling rented on the maximum rent date for a specified amount, and subsequently rented as two units for a greater collective amount, must revert to the original rent when the unit is re-rented as originally registered. This interpretation is controlling and should not be ignored unless plainly erroneous. See Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700; Bowles v. Mannie & Co., 7 Cir., 155 F.2d 129, 133; Porter v. Crawford & Doherty Foundry Co., 9 Cir., 154 F.2d 431, 433.

The evidence shows that no major alterations were made in 1946, when the apartment was divided into two units and rented to two separate tenants, or at any time thereafter. The only physical changes were the addition of a pantry and the division of the two units by either two glass doors or partitions (here the evidence is conflicting). The two units together comprised exactly the same space as the original single unit, and there was only one bathroom and one kitchen for the two units.

■ We find no authorities which support the decision of the Court below, and no legal duty on the part of the Housing Expediter to advise a landlord of the maximum rental he may charge upon his filing additional registration statements. Nor is it material that the landlord here may have acted innocently in exacting a higher rental than that to which he was legally entitled. See Woods v. McCord, 9 Cir., 175 F.2d 919, 922; Ebeling v. Woods, 8 Cir., 175 F.2d 242.

For the foregoing reasons the judgment of the District Court must be reversed and the cause remanded with instructions to grant the relief prayed for in the complaint.

Reversed and remanded.