**UNITED STATES v. E. F. METZNER CO. Inc. et al.**

**Civ. A. 1877.**

District Court of United States
W. D. Kentucky.

March 22, 1951.

Dominic J. Cimino, Enforcement Atty., Office of Housing Expediter, Cleveland, Ohio, for plaintiff.

Marshall P. Eldred and Brown, Greenebaum & Eldred, all of Louisville, Ky., for E. F. Metzner Co., Inc.

John T. Fowler, Louisville, Ky., for John Payne.

SHELBOURNE, District Judge.

This action was instituted by the Office of The Housing Expediter, in the name of the United States, against John Payne, a resident of Detroit, Michigan, and E. F. Metzner Company, Inc. a corporation of Louisville, Kentucky, to recover for the benefit of tenants from whom excessive rents had been collected $307.50 and an additional amount of $615.00, twice the amount of the alleged overcharge, in favor of the United States.

The case was tried to the Court and the principal question here involved is whether Metzner & Company, acting as agent of the owner John Payne in the collection of rents, is jointly liable with Payne for the overcharge and penalty.

### Findings of Fact

From the evidence and exhibits in the case, the Court finds the following facts—

1. John Payne, a resident of Detroit, Michigan, owned from and after July 5, 1943, a ten-room residence structure at 803 W. Chestnut Street, Louisville, Kentucky. The property was on July 5, 1943, registered for renting as a single ten-room housing accommodation and subsequently, on November 22, 1943, was registered as a rooming house.

The first registration was by John H. Humes, agent for the owner, the second registration being by John Dorsey, who appears to have been landlord-lessee.

Prior to July 1, 1947, the property was materially improved and converted into apartments. The two apartments or housing accommodations involved in this action are a second-floor middle room rented to Edna Merriweather and a second-floor rear apartment rented to Sylvester Fields. The tenant, Edna Merriweather occupied the second-floor middle unit from May 8, 1948 to January 10, 1950; the tenant Sylvester Fields occupied the second-floor rear unit from July 6, 1947 to December 6, 1949.

2. Edna Merriweather paid to Robert Payne, agent of the owner John Payne, $5 per week as rent during the period between May 8, 1948 and July 24, 1948, and from July 24, 1948 to January 10, 1950, paid rent to E. F. Metzner Company at the rate of $20 per month.

3. The tenant, Sylvester Fields, for the period from July 6, 1947 to July 24, 1948, paid to Robert Payne, then acting agent for John Payne, $10 rent per month and from July 24, 1948 to December 6, 1949, E. F. Metzner Company collected rent from the tenant Fields at the rate of $10 per month.

4. Prior to taking charge of the property July 24, 1948, as agent, E. F. Metzner Company, was advised by the owner Payne that the premises involved in this action were properly registered and the amount of rent being paid by the tenants was verified by contact with the tenants by the Metzner Company.

On November 3, 1949, E. F. Metzner Company, filed registration certificates in the office of the Area Rent Director at Louisville, Kentucky, disclosing that the second-floor middle room apartment, occupied by Edna Merriweather, was first rented in February 1947 at a rental of $10 per month. These certificates were received in the Area Rent Office and were stamped "This registration is accepted subject to inspection and review".

The registrations designated John Payne as the landlord, E. F. Metzner Company as agent, and directed that mail be addressed to E. F. Metzner Company, 402 South Fifth Street, Louisville, Kentucky.

5. Under date of December 28, 1949, the Area Rent Director issued an order decreasing the maximum rent and ordering refunds to the tenants in the two apartments. The order decreasing the maximum rent was made effective July 1, 1947, as to each apartment and fixed the maximum rent at $7.50 per month. These orders were sent by registered mail, addressed to John Payne, care of E. F. Metz-

ner Company, at the address designated in the registration.

Each order directed that the rental in excess of $7.50 per month, collected after July 1, 1947, be refunded within thirty days from date of order, unless such refund should be stayed in accordance with the provisions of Rent Procedural Regulation 2.

E. F. Metzner testified that the registered letters came to his office, but were forwarded to John Payne at his Detroit address.

No refunds were made in accordance with the requirement of the orders.

6. For the period from July 24, 1948 to January 10, 1950, E. F. Metzner Company, as agent, collected rent from the tenant Edna Merriweather at $20 per month, thereby receiving $212.50 in excess of the maximum legal rent.

For the period from July 24, 1948 to December 6, 1949, Metzner Company, as agent, collected from Sylvester Fields, $10 per month or $40 in excess of the maximum legal rent.

John Payne, the owner, prior to July 24, 1948, and after May 8, 1948, received from Edna Merriweather $22.50 in excess of the maximum legal rent and from Sylvester Fields, prior to July 24, 1948, and after July 6, 1947, $32.50.

The overcharges aggregate $307.50, of which amount $252.50 was received by the Metzner Company as agent.

7. The owner Payne admits receiving the overcharges and E. F. Metzner admits collecting rentals in excess of the maximum rent. Metzner Company denies liability, because the order of refund was directed only to John Payne.

The Metzner Company, on receipt of the rentals each month, deducted necessary and proper expenses for the operation of the property and a commission of five percent and remitted to the owner, John Payne, the remainder of rents received.

## Conclusions of Law

I. The Court has jurisdiction of this action and of the parties.

II. The Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq., provides in part—"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount * * *." 50 U.S.C.A. Appendix, § 1895.

Under this provision, an agent who demands and receives more than the maximum rental is liable for the accepted overcharge and the statutory damages.

Woods v. Willis, 5 Cir., 171 F.2d 289; Woods v. Bobbitt, 4 Cir., 165 F.2d 673.

III. Section 4 of paragraph 825.4(c) provides that if the landlord fails to file a proper registration statement within thirty days after the first renting of the accommodation, the rent shall be received subject to refund to the tenant in amount in excess of the maximum rent, which may later be fixed by an order under paragraph 825.5(c) (1) or (6).

As said by Mr. Justice Frankfurter, in his concurring opinion in Woods v. Stone, 333 U.S. 472, 478, 68 S.Ct. 624, 627, 92 L. Ed. 815: "The crux of the matter is that where a landlord rents new housing accommodations but, as here, disobeys the regulatory scheme and fails to file a registration statement, if he chooses to collect the rent that he himself has fixed, he can do so only contingently. The Administrator may catch up with him and fix what was the proper amount from the beginning. The excess is illegal and must therefore be refunded."

See also Woods v. Macken, 4 Cir., 178 F.2d 510, 512, wherein the Court said— "* * * it is well settled that the maxi-

mum rental, as established by the Controlled Housing Rent Regulation, cannot be changed by the mere action of the landlord in filing new registration statements. These registration statements are not binding on the Expediter and in themselves afford no warrant to the landlord to charge a rental higher than the original rental fixed at the freeze time. The registration statement merely informs the Expediter of the present status of the property; it does not establish the maximum rent."

See also Woods v. Forest Hills South, 2 Cir., 172 F.2d 147.

IV. There was no maximum rent ceiling on either of the apartments involved in this case at the time Metzner Company began the collection of rentals. Neither of the apartments, as separate housing accommodations, had been registered as such, and the orders of December 28, 1949, fixing the maximum rent and refunds to the tenants, for the first time fixed the maximum rentals during the period between July 1, 1947 and January 10, 1950.

V. The owner John Payne is liable for the total overcharge of $307.50, and of this amount, the Metzner Company is jointly and severally liable to the extent of $252.50.

Both the owner John Payne and the agent Metzner Company contend that their actions in making and collecting the overcharge were neither willful nor the result of their failure to exercise practical precautions against violation of the Act.

This contention presents a difficult problem, but the evidence to me indicates good faith on the part of the owner and the agent and for that reason, the Court inclines to absolve them from the penalty—double the amount of the overcharge.

Counsel for the Office of Housing Expediter will tender a judgment of recovery against John Payne of $307.50 and against John Payne and E. F. Metzner Company, Inc. in the amount of $252.50, together with interest and costs, with a provision that the satisfaction of the judgment against Payne and Metzner by either shall operate pro tanto as satisfaction of the judgment against John Payne as to the plaintiff.