**UNITED STATES v. POLSON.**

No. 29893.

United States District Court
N. D. California, S. D.

July 5, 1951.

Sidney Feinberg, William B. Spohn, Office of Housing Expediter, San Francisco, Cal., for plaintiff.

Charles A. Christin, Wallace W. Scales, San Francisco, Cal., for defendant.

MURPHY, District Judge.

This is an action under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq. The plaintiff seeks restitution of alleged overcharges in the rental of a four room apartment (designated "Apartment 8") in San Francisco, California, and an injunction against further violations of the Acts and Regulations. Defendant disputes the legal maximum rent for the accommodations, contending that Apartment 8 had been decontrolled under Section 204(b) of the Act.

The facts, which were not in dispute, were as follows: Apartment 8 was originally registered in August, 1942 by the defendant's predecessor in interest as a four-room unit at Forty-five Dollars ($45.00) per month. In November, 1945, the defendant divided the apartment into three separate "studio rooms" sharing kitchen and bath, and filed a new registration statement with separate rentals totaling Two Hundred Ten Dollars ($210.00) per month. These rentals were later adjusted by order of the Area Rent Director to a total of Seventy Dollars ($70.00) for one person or Eighty-four Dollars ($84.00) for two persons occupying each such "studio room". In September and October of 1947, the defendant entered into leases with the individual tenants of the "studio rooms" under Section 204(b) of the Act. These leases were duly registered with the Area Rent Office. In May 1948, the defendant reported to the Rent Office that the leases had been terminated prior to their respective expiration dates. On June 3, 1948, the defendant rented the *entire* Apartment 8 to one Gertrude S. Kemper for $100.00 per month, which amount the defendant collected for eleven months

until May 3, 1949. Plaintiff claims this totals an overcharge of some Six Hundred Five Dollars ($605.00) in excess of the legal maximum rent for the apartment.

There is no dispute that the three separate rooms were separately decontrolled pursuant to the "15% lease" provisions of Section 204(b) of the Housing and Rent Act of 1947, as amended. The sole issue, then, is whether the decontrol of the individual units decontrolled Apartment 8, the physical sum of the three units.

Although this factual situation appears unprecedented, I have no hesitancy in holding that this is one instance in which the whole is *not* equal to the sum of all its parts. Defendant's superficially plausible argument is predicated upon the specious notion that physical unity is equivalent to legal unity under the Act.

"Housing accommodations" are defined for purposes of the Act, Section 202(b), as: " * * * *any building,* structure, *or part thereof,* or land appurtenant thereto, or any other real or personal property *rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming-* or boarding-house *accommodations, and other properties used for living or dwelling purposes) * * *.*" (Emphasis added.)

Under this definition, then, the entire Apartment 8, when rented as a four room unit, constituted one housing accommodation. When it was subdivided, the resulting "studio rooms" constituted separate others. This separate entity theory of accommodations is manifest in the regulations which require registration of such additional rental units derived by division of prior registered unit. Certainly defendant did not argue with such an interpretation when it effected substantial increases in his gross rental allowance.

Concerning maximum rents for controlled housing accommodations, Section 204(b) of the Act provides in part: "That in any case in which a landlord and tenant, on or before December 31, 1947, voluntarily enter into a valid *written* lease in good faith *with respect to any housing accommodations* for which a maximum rent is in effect under this section and such lease takes effect after the effective date of this title and expires on or after December 31, 1948, and if a true and duly executed copy of such lease is filed, within fifteen days after the date of execution of such lease, with the Housing Expediter, the maximum rent *for such housing accommodations* shall be, as of the date such lease takes effect, that which is mutually agreed between the landlord and tenant in such lease if it does not represent an increase of more than 15 per centum over the maximum rent which would otherwise apply under this section. In any case in which a maximum rent for any housing accommodations is established pursuant to the provisions of the last proviso above, such maximum rent shall not thereafter be subject to modification by any regulation or order issued under the provisions of this title. *No housing accommodations for which a maximum rent is established pursuant to the provisions of the last proviso* above shall be subject, after December 31, 1947, to any maximum rent established or maintained under the provisions of this title." (Emphasis added.)

The last sentence above quoted thus provides that the *particular premises* so let should not be subject to rent control after December 31, 1947. See United States v. Porhownik, 2 Cir., 182 F.2d 829. In the present case, the particular housing accommodations covered by the leases were the individual "studio rooms," not the entire Apartment 8. Consequently, only such individual rooms were subject to decontrol under the statutory provisions. Apartment 8, "in solido", was never leased as a unit and was not subject to decontrol. When again rented as a four room dwelling unit it was subject to the same maximum rent as was originally established for that accommodation. See Woods v. Macken, 4 Cir., 178 F.2d 510.

Exemptions from the operation of the Act are to be narrowly construed, and the burden was on defendant to establish his right to the claimed decontrol.

See Woods v. Oak Park Chateau Corporation, 7 Cir., 179 F.2d 611. This he has failed to do.

In the light of the above facts and conclusions it is hereby ordered that judgment be entered in favor of plaintiff as restitution and against defendant Viola M. Polson, in the amount of Six Hundred Five Dollars ($605.00), and plaintiff's costs in this proceeding. It is further ordered that an injunction be issued against the defendants as prayed for. (The Government having conceded that there was no overcharge as to a second unit, Apartment 9, the Court will not concern itself with that aspect of the complaint.) Plaintiff to prepare findings and judgment in accord with the decision herein.