33613. WHITEHEAD *v.* HENRY.

Decided July 13, 1951. Rehearing denied July 25, 1951.

*Yantis Mitchell,* for plaintiff.

*J. Hugh Rogers,* for defendant.

PER CURIAM. The plaintiff alleges that no registration was filed with the Area Rent Office within 30 days of the first renting of the accommodations and that the rent from the first renting was $20 per month. Under Rent Regulation § 825.4(c) which provides: "For controlled housing accommodations first rental on or after July 1, 1947, the maximum rent shall be the first rent for such accommodations . . .", the maximum rent on the accommodations, prior to the order of August 25, 1949, was the first rent charged for such accommodations, that is, $20 per month. Under the rulings in *Mitcham* v. *Patterson,* 82 *Ga. App.* 468 (61 S. E. 2d, 517), and *Ivy* v. *Ferguson,* 82 *Ga. App.* 600 (62 S. E. 2d, 191), the rent of $20 per month collected until the issuance of the rental order reducing the maximum rent and ordering a refund was the legal maximum rent on the accommodations and an action for triple damages for the failure to refund the difference between the retroactive maximum rent set in the order and the $20 a month rent collected will not lie.

The court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Sutton, C.J., MacIntyre, P.J., and Gardner, Townsend and Worrill, JJ., concur. Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment only because of the cases of *Mitcham* v. *Patterson,* and *Ivy* v. *Ferguson,* supra. If I were deciding the principle involved for

the first time, I would hold contra to the above cases and in favor of a cause of action for treble damages for failure to refund an overcharge even though such overcharge became one by virtue of a retroactive rental order. I believe the reasoning followed in the cases of U. S. *v.* E. F. Metzner Co., 96 F. Supp. 792, and U. S. A. *v.* James Natale, civil action no. 2985 (rendered January 2, 1951, in the U. S. District Court, District of Connecticut, and unreported), is sound and that such cases announce the correct principle of law applicable in cases such as the instant case. The court in the Natale case said: "The essence of the violation was the failure to comply with the refund order and not the exaction of rent which subsequently was shown to be an overcharge when the maximum rent was retroactively established. . . That the failure to refund the overcharge here is a violation encompassed by Sec. 205 of the Act is clear from Woods *v.* Stone, 333 U. S. 472, and Small *v.* Schultz, 173 F. 2d 940. In the Woods case a failure to refund was held to be a violation of a maximum rent order under Sec. 205 (e) of the Emergency Price Control Act of 1942 as amended and the court said: 'The command to refund cannot be treated as a thing apart, but must be taken as an integral and necessary part of the order fixing the maximum rent.' The counterpart of this section is Sec. 205 of the Housing and Rent Act of 1947, as amended, and while the wording is different the meaning is substantially the same. Charging over the maximum rent is the conduct penalized in both, and a holding that a failure to refund as ordered gives rise to an action under Sec. 205 (e) is equally applicable in respect to Sec. 205. Refusing to refund an overcharge is not measurably different from receiving and accepting it in the first instance. In the Small case it was decided that a violation of a regulation prohibiting a sale of furniture as a condition of renting, Reg. 825.8 (b), 14 F.R. 5721, brought the defendant under the provision of Sec. 205. Similarly here there was a violation of Reg. 825.4, 14 F. R. 5714, which prescribes the refund, and the defendant must be held to be subject to Sec. 205. And see Reg. 825.9 (a) which provides that persons violating the regulations described are subject to treble damage suits as provided by the Act." The statement made in *Mitcham* v. *Patterson,* supra, that to allow recovery of treble

damages "would be to apply said order [the retroactive rental order] as to impair the obligation of contracts and to impose a penalty on the defendant and punish her for doing something which was not, at the time she charged and received the weekly rent of $11.00, illegal in any way" is effectively rebutted in the case of Woods *v.* Stone, supra. There the court held: "The statute and regulations made his rentals *tentative* but not unlawful." (Emphasis supplied.) The court further said: "It is also suggested that the refund order applies the law to the landlord retroactively. . . We think the suggestion to be without merit. This is not the case of a new law reaching backwards to make payments illegal that were free of infirmity when made. By legislation and regulation in force before the collections were made, the landlord's own default in registering had rendered these payments conditional, subject to revision and to refund. Readjustment under these conditions cannot be retroactive law making." The crux of the matter is that it is not that the collection of the original rent of $20 per month was illegal, but that the retention by the landlord of the excess created by the rental order fixing the maximum rent at $9 per month effective January 5, 1948, is illegal after 30 days from the date of such rental order fixing the maximum rent and ordering a refund of the excess. While Woods *v.* Stone dealt with the Emergency Price Control Act of 1942, the reasoning there applied is applicable to the instant case and like cases arising under the Housing and Rent Act of 1947, and I feel that the Supreme Court of the United States would so hold.