## 34097.   WHITEHEAD *v.* HENRY.

GARDNER, P.J.   1. (*a*) This is what generally termed an O. P. A. case. Elizabeth Whitehead, whom we shall call the plaintiff, filed a petition against James Henry, whom we shall call the defendant. The petition was brought in two counts. The defendant demurred to the petition generally. The court sustained the demurrers and dismissed the petition on both counts. On this judgment the plaintiff assigns error here. The petition, omitting the formal part, alleged in count 1 that the defendant was landlord continuously from January 5, 1948, to September 5, 1949, for housing accommodation located within the City of Atlanta; that the rent was subject to the Housing and Rent Act of 1947; that the accommodation involved consisted of one room unfurnished; that the defendant failed to register the accommodation within thirty days of the date of the first renting; that from the first renting continuously to September 5, 1949, a period of twenty months, the defendant collected from the plaintiff a rental of $20 per month; that under the provisions of the Housing and Rent Act of 1947, this first rent was legally collected at the time it was collected; that the rent was tentative and conditional and subject to be reduced if found excessive by the Area Rent Director's office; that the collection of the rent, under the circumstances, was subject to a refund by the defendant to the petitioner if excessive as fixed and determined by a later order of the Area Rent Director's office; that on August 25, 1949, the office of the Area Rent Director issued an order reducing said rental rate from $20 per month to $9 per month, effective as of the date of the first renting, January 5, 1948, and by order required a refund to the plaintiff of the excess of rent collected, $220, that amount being the difference between the first rental of $20 per month and the rental fixed by the office of the Area Rent Director of $9 per month; that the plaintiff in the first count of this petition sues for treble the amount of $220 and reasonable attorney's fees.

(*b*) Count two of the petition in the instant case is identical with count one with the following exceptions: Paragraph 7 alleges that the order reducing the rent was issued in a proceeding by an Area Rent Expediter within three months after the date of the filing of the registration statement by the defendant as the regulations require. Paragraph 8 alleges that the defendant did not obtain a stay of refund under the provisions of rent procedural regulations. Paragraph 9 alleges that the defendant has never made refund of excess rent determined by said order. Paragraph 10 alleges that the defendant has never returned the $220 which rightfully belongs to the plaintiff; that the plaintiff is entitled to recover it and there was an implied promise, as well as

a legal obligation on the part of the defendant to return it to the plaintiff, and a legal obligation upon its receipt by the defendant from the plaintiff to return the said $220 to the plaintiff. The plaintiff prays for judgment for $220. Thus stands the issue made by the pleadings.

2. (a) It will be noticed that the overcharge here sued for in both counts, count 1 for treble damages and count 2 for the excess rent collection of $220, was for a period of twenty months, from January 5, 1948, during a continuous period to September 5, 1949. The order of the rent authorities reducing the rent from $20 per month to $9 per month was passed on August 5, 1949. As we understand the law, the tenant under the law as it existed in 1947 (the act on which the instant case is based) must begin action to recover within 12 months. Section 205 of the Housing and Rent Act of 1947, under which this proceeding is brought, provides: "Any person who demands, accepts or receives any payment of rent in excess of the maximum rent prescribed under Section 204, shall be liable to the person from whom he demands, accepts or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50.00 or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted or received whichever in either case may be the greater amount: Provided, that the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precaution against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction *within one year after the date of such violation:* Provided: that if the . ." (Italics ours).

In the instant case more than two years elapsed after the collection of the overcharge and after the rental authorities determined that the rent was excessive and after they reduced the rent from $20 per month to $9 per month, before the present suit was instituted. This being true, the petition here on both counts was barred by the statute of limitations as provided by the Housing and Rent Act of 1947, the prevailing O. P. A. law in effect during the period of the alleged unlawful collection of rental. Counsel for the plaintiff here concedes that the plaintiff brought a petition for the collection of the rent which was alleged to have been illegally collected from the plaintiff (see *Whitehead* v. *Henry,* 84 *Ga. App.* 495, 66 S. E. 2d, 448), and that this court held that under the Housing and Rent Act of 1947, the suit was not brought within 12 months. But counsel for the same plaintiff here ingeniously argues that since the rendition of that judgment, Congress has passed the act of July 1, 1951, changing Section 205 of the Housing and Rent Act of 1947, to some extent, and, therefore, the dead cause of action is resurrected by said Act of 1951. However, counsel seems to overlook the fact that the Act of 1951 in amending Section 205 of the Act of 1947 retains in it as a part of subsection (c) the provision that such a suit must be brought by the tenant or the Government,

"within one year after the date of violation." Counsel seeks to ease around this unsurmountable provision of law by contending that his cause of action did not arise until after the passage of the Act of 1951. We cannot begin to follow this reasoning. It is elementary that the O. P. A. Acts are superimposed over the Georgia laws. See *Simpson* v. *Blanchard,* 73 *Ga. App.* 843 (38 S. E. 2d, 634). Moreover, Section 206(d) of the Act of 1947 reads: "No person shall be liable for damages or penalties in any Federal, State, or Territorial court, on any ground for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this Act or any regulation, order, or requirement thereunder *nothwithstanding that subsequently such provision, regulation, order or requirement may be modified, rescinded,* or determined to be invalid." Yet counsel for the plaintiff contends and concedes that the $220 damages cannot be recovered under the second count of the petition because it was not brought within the twelve month period of the limitations as prescribed by the Housing and Rent Acts, but that he is entitled to recover the $220 on the principle of law prevailing in Georgia of money had and received which in good conscience the defendant is not entitled to retain. It thus appears that able counsel for the plaintiff is seeking to invoke the superimposed Federal act on the one hand, and the State law on the other hand, in regard to limitation of actions. He is seeking to hold with the hare and run with the hounds. He contends that there is no authority for such a position as yet (that he can find), since the Act of 1951 is so recent that the courts have not had time to get around to and put into the law books his view of the situation. He does admit, however, that this court in at least three cases held that recovery can not be had under the Housing and Rent Act for money had and received. He must recover, if at all, upon the provision of the Housing and Rent Act itself.

The court did not err in sustaining the general demurrers to both counts of the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

Decided July 3, 1952—Rehearing denied July 14, 1952.

*Yantis Mitchell,* for plaintiff in error.
*E. H. Stanford,* contra.