## BOAN v. MILLER.

### No. 1366.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 31, 1953.

Decided Oct. 13, 1953.

J. E. Bindeman, Washington, D. C., with whom Theodore Kligman, Washington, D. C., was on the brief, for appellant.

James E. Shifflette, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Appellant, plaintiff below, sued his landlord for $3,083.22 representing double the amount of rent overcharges under the District of Columbia Emergency Rent Act.[1] The landlord counterclaimed for unpaid rent. The trial was had without a jury, and the case was decided in favor of defendant landlord on the original claim as well as the counterclaim. Plaintiff tenant appeals.

In February 1951, defendant landlord rented a 3-story house to plaintiff under a one-year lease agreement at a monthly rental of $215. Plaintiff occupied the basement apartment and rented the rooms on the upper floors to various subtenants. At the expiration of the lease the parties entered into a similar agreement for another year. At the end of August, 1952, plaintiff surrendered the premises to his landlord while still owing rent for July and August, less a $50 partial payment.

At trial the parties stipulated that the records of the Rent Administrator contained the following orders concerning the premises in question:

(1) An order dated December 2, 1942, setting the rent ceiling for the entire premises at $112.50 per month, unfurnished.

(2) An order, as of January 14, 1944, establishing the rent ceilings on each individual furnished room (including the basement). These ceilings totaled $378.50.

(3) An order of October 12, 1948, setting the rent ceiling for the upper three floors, furnished at $165.

(4) An order dated October 21, 1948, setting the rent ceiling on the basement apartment, furnished, at $50 a month.

From these orders it will be seen that the only ceiling ever obtained for the premises as a whole was the $112.50 maximum set in 1942, and this ceiling was for the house in an unfurnished state. The later orders dealt with the various rooms and floors, as separate units, after they had been furnished. The landlord apparently arrived at the $215 rental he charged plaintiff by adding together the $165 and $50 ceilings which had been set on the upper floors and basement in 1948. Plaintiff tenant maintained at trial that the only legal rental which could be charged to a tenant renting the entire house was the $112.50 figure set in 1942, because no higher ceiling had ever been obtained for the premises as a whole. In a written opinion the trial judge found that $215 was the correct maximum rent rather than the $112.50 ceiling contended for by

1. Code 1951, 45–1601 et seq. The Act expired July 31, 1953, but there is no question that the right to sue on this type of claim has survived.

the plaintiff. The judge reasoned that the $112.50 rental applied only to the house when it was unfurnished, and not to the furnished house that plaintiff leased. The judge ruled that as plaintiff had lived only in the basement, and had used the upper floors for a commercial tenement house,[2] the only fair method of determining the applicable ceiling was to add the two ceilings set by the separate orders of the Administrator in 1948.

Challenging such rulings, the tenant contends that it was error to hold that the landlord had a right to combine the two separate 1948 ceilings in order to obtain one ceiling for the entire premises. He also contends that the court was wrong in holding that the ceiling on the unfurnished unit was not the ceiling on the furnished premises, when no application for a new ceiling for the entire premises had been filed with the Rent Administrator. Thus the question before us is whether a landlord may combine the rent ceilings for two furnished units in a furnished house in order to establish the ceiling for the entire house, or whether he is bound by the only ceiling ever set by the Rent Administrator for that house as a whole, predicated on its then unfurnished state.

Although our Rent Act has been in effect since 1942, this precise question has never been before us. But it has been held under the federal Housing and Rent Act that such combination of ceilings may not lawfully be made when there is a previous ceiling for the entire unit. In Woods v. Macken, 4 Cir., 178 F.2d 510, the landlord had split up a four-room apartment into two apartments. The monthly ceiling on the original apartment when rented to one tenant was $45. New ceilings were registered for the two separate units, $25 for one and $35 for the other. Later the landlord rented the two apartments to one tenant for $60, the combined rentals of the separate units. Such action was held illegal, the court ruling that when two such units were

again rented to a single tenant the rent ceiling reverted to the older ceiling which was in effect when the apartment had previously been rented as a whole. In United States v. Polson, D.C.N.D.Cal.S.D., 98 F. Supp. 353, the landlord had divided an apartment (on which the ceiling had been $45 per month) into three "studio rooms." The Rent Director set a ceiling of $70 on each of these rooms, or a total of $210 for the three. Subsequently, the apartment was again rented as a whole to a single tenant for $100. The court ruled that such was illegal, because the apartment when again rented as a single dwelling unit was subject to the same maximum rent as was originally established thereon.

We agree with and adopt the rulings in the two cases cited above and hold that a landlord may not add together the ceilings on various parts of a housing accommodation and thereby make a new and higher ceiling for the entire unit, when such a unit ceiling has previously been established by the Rent Administrator.

We cannot subscribe to the argument that the change of the house to a furnished state will operate to make the present case an exception to the rule stated above. Even if the furnishing of these premises were held to be such a radical change that they constituted "new housing accommodations," defendant could still not legally charge the rental that he did. In Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844, 847, it was held that a landlord may charge a higher rent than the original ceiling when he has so improved the premises that they constitute "new housing accommodations." Under this rule the rental agreed upon between the landlord and his tenant would become the interim ceiling until the Rent Administrator could determine a new one.

The Rent Administrator, soon after the Delsnider decision, issued an order that a landlord who claimed "new housing accommodations" must, before offering for rent or renting same, file a petition with the

2. It was shown at trial that plaintiff had obtained a tenement house license. Tenement houses were not decontrolled at the times here involved, though rooming houses were.

Administrator. Thereafter the United States Court of Appeals held that such order must be complied with and that until then a landlord had no right to charge more than the original ceiling. Janifer v. Werner, 90 U.S.App.D.C. 406, 196 F.2d 244.

That decision governs this case. There having been no evidence that this landlord ever applied for a new, single ceiling on the entire house, the rent ceiling established thereon in 1942 continued to govern the situation, and it was error to rule otherwise. Being of that view, we need not consider the question whether new housing accommodations had been created.

Reversed, with instructions to enter judgment for plaintiff, including attorney's fee to be fixed by trial court.