**Luther L. MILLER, Appellant,**

v.

**Capers E. BOAN, Appellee.**

**No. 11990.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 10, 1954.

Decided Jan. 20, 1955.

Petition for Rehearing Denied Feb. 11, 1955.

Mr. Herman Miller, Washington, D. C., for appellant.

Mr. J. E. Bindeman, Washington, D. C., with whom Mr. Theodore Kligman, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a suit by a tenant against a landlord for double the amount of an alleged overcharge of rent.[1] The land-

---

[1]. Willoughby v. Willoughby, Civil No. 3900–51, D.C.D.C., Jan. 6, 1953.

[1]. The District of Columbia Emergency Rent Act, 55 Stat. 788 (1941), as amend-

lord (Miller) rented a house—a basement and three floors—unfurnished to a single lessee for $112.50 a month. The Rent Administrator fixed that amount as the allowable rent ceiling. Then the landlord furnished the whole house and rented it in two parts, the basement apartment to one tenant and the three upper floors to another tenant. The Rent Administrator fixed the monthly rent ceilings at $50 for the furnished basement apartment and $165 for the furnished upper floors combined. Some two years later the landlord rented the whole building, still furnished, to one tenant (our appellee, Boan) at a rental of $215 ($50 plus $165) a month. Boan and his family occupied the furnished basement and sublet the furnished upper floors as apartments. No application for a new rent ceiling was made.

The question is whether the $215 a month was an illegal overcharge. The trial court held that it was not. The Municipal Court of Appeals reversed, sustaining the tenant's contention that the maximum legal rent for the entire premises was $112.50, since that was the only ceiling established by the Administrator for the premises as a whole.[2] We allowed an appeal from that judgment.

The key expression in the Rent Act is "housing accommodations". The term is defined in the statute.[3] It means a composite of the rented real property, the personal property, and the appurtenances thereto and services connected therewith. To use a colloquialism, the statute deals with the rent for the "package".[4] The trial court correctly attacked the problem from that viewpoint. It concluded that the house

unfurnished and the house furnished were different "housing accommodations" but that no new housing accommodation was created when the furnished upper floors and basement were rented to Boan under a single lease. We agree with the trial court. In a practical sense Boan rented under one lease the two furnished housing accommodations for which ceilings had been established, one accommodation for himself and one to be sublet. The grouping of the two accommodations as the subject matter of one lease did not under these facts destroy the character of the two separate parts or create a new housing accommodation. While the character of housing accommodations may change upon a substantial subdivision of a property, or a substantial consolidation of several properties, in the case at bar the only change was the joint renting of the basement, to be used as the lessee's dwelling, with the upper floors. This was not enough of a change to create different housing accommodations.

The Municipal Court of Appeals considered the premises to be the basic unit, and so found that the only rent ceiling for the whole premises was $112.50 a month, the maximum fixed for the whole house unfurnished. We think this was an erroneous view. The premises, *i. e.*, the real estate, is not the criterion; it is only one of the elements which constitute the composite "housing accommodations".

The judgment of the Municipal Court of Appeals is reversed and the case remanded with instructions that the judgment of the Municipal Court be affirmed.

Reversed.

ed, D.C.Code § 45–1601 et seq. (1951), under which this action was brought, expired July 31, 1953, but causes of action under it survive.

2. Boan v. Miller, 1953, 99 A.2d 713.

3. 55 Stat. 794 (1941), D.C.Code § 45–1611 (a) (1951).

4. Delsnider v. Gould, D.C.Cir., 1946, 81 U. S.App.D.C. 54, 154 F.2d 844.