FRED BURTON, PLAINTIFF-RESPONDENT, v. MICHAEL MARATTA AND FLORENCE MARATTA, HIS WIFE, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued June 11, 1956—Decided June 13, 1956.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Harry Kay* argued the cause for appellants (*Mr. A. Albert Eichler,* attorney).

*Mr. Seymour B. Jacobs* argued the cause for respondent (*Mr. Fred Freeman,* attorney).

PER CURIAM.  Appeal from a County District Court judgment entered in favor of plaintiff in a rent overcharge action. There was no stenographic record taken below; the trial court filed a statement of testimony, findings of fact and

conclusions of law fully detailing the testimony. *R. R.* 1:6–3.

As noted by the trial judge, the single question involved is whether the Marattas rented plaintiff and his wife the entire four-room apartment on the fourth floor rear of 43 Hillside Place, Newark, under an existing apartment registration, or separate sleeping rooms at the weekly rate of $10 each, with the privilege of jointly using the adjacent kitchen and bathroom, under a coexisting rooming house registration. The evidence on this point strongly supports the factual findings by the trial court that the rental was of the entire apartment at a weekly rate of $20. We recognize the advantage enjoyed by the trial judge to determine the weight and credibility of the conflicting testimony and perceive no substantial reason for repudiating his findings of fact. *R. R.* 1:5–4(*b*); *Bayuk v. Feldman,* 11 *N. J. Super.* 317, 321 (*App. Div.* 1951); *Lefeber v. Goldin,* 17 *N. J. Super.* 422, 425 (*App. Div.* 1952). Accordingly, there was a violation of the maximum legal rent of $48.60 per month fixed for the apartment under the existing apartment registration. The judgment for the statutory penalty was correct.

The facilities rented to plaintiff and his wife were clearly an apartment under the Federal Rent Control Act of 1947, 50 *U. S. C. A. Appendix,* § 1891 *et seq.,* and the regulations of the Office of Housing Expeditor, *Code of Federal Regulations* (1949 *ed.*), *Title* 24, *chapter* VIII, *section* 825.81, as well as our own State Rent Control Act of 1953, as amended, *N. J. S.* 2A:42–14 *et seq.,* and the *Revised Rent Control Rules and Regulations* of the State Rent Control Director adopted pursuant thereto on June 15, 1955, *Article* II, *Definitions, sec.* 1(*w*) and (*x*).

The defendants argue that having registered the entire premises as a rooming house, with the maximum legal rent for each room being fixed at a higher rate, the original apartment registration should not prevail even though the rooms occupied by plaintiff and his wife were rented as an apartment unit. Such a construction would make for an easy evasion of the remedial intention of the rent control

laws, which are to be construed liberally in order to effect the purposes thereof. *N. J. S.* 2A :42–52, and see *Friedman v. Podell,* 21 *N. J.* 100, 104–105 (1956). The answer to defendants' argument is to be found in *United States v. Polson,* 98 *F. Supp.* 353 (*D. C. N. D. Cal. S. D.* 1951), and *Woods v. Macken,* 178 *F. 2d* 510 (4 *Cir.* 1949).

Defendants further suggest that having rented the apartment furnished they were permitted to charge a higher rent notwithstanding the nature of the letting. This cannot be a basis for an increase in rent above the maximum set under the apartment registration. In *Collins v. Adams,* 23 *N. J. Super.* 76, 78–79 (*App. Div.* 1952), the court held:

"The rule is settled that when the maximum rent has been fixed for any controlled housing accommodations in an unfurnished state and thereafter they are rented furnished, or with additional services included, the maximum remains in effect until it is adjusted or a new maximum is established. *Thierry v. Gilbert,* 147 *F. 2d* 603 (1 *Cir.* 1945) ; *Forde v. U. S.,* 189 *F. 2d* 727 (1 *Cir.* 1951). * * *"

The judgment under appeal is affirmed.