**UNITED STATES v. COWEN'S ESTATE.**
Civ. No. 50–157.

United States District Court
D. Massachusetts.
April 20, 1950.

Roy M. Fitzmorris, Attorney, Office of Housing Expediter, Boston, Mass., John P. Flaherty, Boston, Mass., for plaintiff.

Paul P. O'Connor, Boston, Mass., for defendant.

## McCARTHY, District Judge.

The plaintiff, as Housing Expediter, brings this action for a mandatory order for restitution under Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix § 925(a) and under Section 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S. C.A. Appendix, § 1896(b). No injunction is asked for, nor is any restraining order prayed for. The defendant seasonably claimed a jury trial and plaintiff now moves to strike that claim.

Defendant's position, ably argued by the Executor, pro se, is that, lacking a prayer for injunctive relief, this is a "simple action at law for recovery of money damages" and that, therefore, a jury trial is in order. Defendant cites Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, in support of its position.

This is not an action in which plaintiff is seeking treble damages on which issue it has been held there is a right to a jury trial. Compare United States v. Strymish, D.C., 86 F.Supp. 999, with United States v. Shaughnessy, D.C., 86 F.Supp. 175. Nor is it an action in which an injunction is sought, restitution being considered as an equitable adjunct to the injunctive decree. Porter v. Warner Holding Co., supra.

The sole question is whether an action seeking restitution alone falls on the "law or equity side" of the court. This court is of the opinion that it is equitable in nature.

The traditional equity power of the court is invoked in the prayer for an order of restitution, a form of relief peculiar to courts of equity. Woods v. Lajeunesse, D.C. N.H., 82 F.Supp. 445. An order of restitution is not a judgment for damages or for penalties. It compels compliance and is restoration of the status quo which falls within the recognized power of a court of equity. Bowles v. Skaggs, 6 Cir., 151 F.2d 817, 821. It may be granted with or without prohibitory injunction. Creedon v. Randolph, 5 Cir., 165 F.2d 918, 920.

Defendant's reliance upon Porter v. Warner Holding Co., supra, is tenable as far as it goes. But Porter not only held that an order for the recovery and restitution of illegal rents may be considered a proper "other order" as an "equitable adjunct to an injunction decree", 328 U.S. at page 399, 66 S.Ct. at page 1089, but also that it may be considered as "an order appropriate and necessary to enforce compliance with the Act", 328 U.S. at page 400, 66 S.Ct. at page 1090. " * * * the term 'other order'

contemplates a remedy other than that of an injunction or restraining order, a remedy entered in the exercise of the District Court's equitable discretion." 328 U.S. at page 399, 66 S.Ct. at page 1089. Inherent equitable jurisdiction is called into play. 328 US. at page 400, 66 S.Ct. at page 395.

Having concluded that this is an equitable action, the court is obliged to allow plaintiff's motion to strike defendant's demand for a jury trial.

Motion allowed.