**MOORE et ux. v. UNITED STATES.**

No. 13031.

United States Court of Appeals Fifth Circuit.

May 17, 1950.

Rehearing Denied July 17, 1950.

Frank Cusack, Dallas, Texas, Shelby S. Cox, Dallas, Texas, for appellants.

Francis X. Riley, Sp. Litigation Atty., Ed Dupree, Gen. Counsel, A. M. Edwards, Jr., Acting Asst. Gen. Counsel, Office of Housing Expediter, Washington, D. C., Lowell D. Gibbons, Chief Trial Attorney, Office of Housing Expediter, St. Louis, Missouri, for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

WALLER, Circuit Judge.

The United States, through the Housing Expediter, brought this action on June 29, 1949, for damages, injunction against further violation, and for restitution, of rent overcharges, pursuant to Sections 205, 206 (a), and 206(b), of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. However, prior to the filing of this suit, the Housing Expediter, in conformity with action taken by the City of Dallas under Section 204 (j) (3) of the Act, had terminated rent control in that city. Based upon such abolition of rent control, appellants moved to dismiss the suit. The motion was denied without opinion and the case proceeded to trial with the result that judgment was entered requiring the defendants to make restitution to tenant J. R. Qualls in the amount of $1,093.48, and to pay the United States the minimum sum of $50. The Court below, doubtless, declined to dismiss the action because of the saving clause of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901, or the general saving clause, 1 U.S.C.A. § 109, as construed by this Court in United States v. Carter, 5 Cir., 171 F.2d 530.

■ It seems clear that any suit at law for damages to the extent not barred by the one-year statute of limitations, 50 U.S. C.A.Appendix, § 1895, that had accrued prior to the decontrolling of Dallas might still be enforced for such damages notwithstanding the termination of control. But whether rights of action for injunction and restitution were kept alive requires consideration of the function of an injunction suit and the relation of restitution to such injunction suit.

It was conceded in oral argument, as, indeed, it must be here, that a right to an injunction to prevent future violations of the Rent Control Act cannot be maintained when rent control has been terminated according to law, as in Dallas. It follows, therefore, that the plaintiff, at the time of the filing of this suit, had no valid, surviving cause of action in equity for injunction after the termination of rent control. Consequently the Court below should have dismissed so much of the plaintiff's suit as sought injunction, as well as its prayer for restitution if restitution is merely an incident to the equity suit for injunction.

■ There seems to have emerged out of the case of Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 1088, 90 L.Ed. 1332, a notion that restitution is in and of itself a cause of action, of which equity has jurisdiction. This is a misconception of the nature of restitution. It is now, and always has been, a type of *relief* afforded as an incident to suits at law as well as in equity, but which equity had no jurisdiction to grant unless it had acquired jurisdiction of a cause in equity involving a primary right under equitable principles. However, if equity has such jurisdiction of the primary cause of action, it can, and will, grant complete relief by ordering restitution when appropriate to the doing of full justice.

■■ In other words, restitution is ancillary, auxiliary, incidental, or adjunctive to a cause of action of which equity has jurisdiction. It is elementary that equity does not take jurisdiction where there is an adequate remedy at law,[1] and that equity

---

1. Equity ordinarily does not have jurisdiction of a purely legal demand. However, it may order restitution of a specific thing or chattel, or for the establishment of a lien. Remedy in equity not available where adequate remedy at law. See "Restatement of the Law of Restitution", page 4.

The most complete and comprehensive test to the existence of equity jurisdiction is this formula: Equity jurisdiction extends to and embraces all civil cases,

does not have jurisdiction to grant judgment for the payment of money except as an incident to a case of equitable cognizance in order that complete and full justice may be done. For instance, in a suit for rescission the Court may direct that the defendant restore the specific property of the plaintiff or, in the event the specific property has been damaged or disposed of, then to return its equivalent in money. Restitution is not only an adjunct of an equitable cause of action, but it is a form of relief commonly granted in suits at law, such as replevin, or even in tort actions,[2] trover, or ejectment. But, historically, there is no such thing as an action of restitution for a money judgment either in law or equity.[3]

But all of this was made quite clear by the decision in Porter v. Warner Holding Company, supra. There the Court said:

"It is readily apparent from the foregoing that a decree compelling one to disgorge profits, rents or property acquired in violation of the Emergency Price Control Act may properly be entered by a District Court *once its equity jurisdiction has been invoked under § 205(a).* * * * It expressly envisages applications by the Administrator for orders enjoining violations of the Act and for orders enforcing compliance with the Act; and it expressly authorizes the District Court, upon a proper showing, to grant 'a permanent or temporary injunction, restraining order, or other order.' * * * An order for the recovery and restitution of illegal rents may be considered a proper 'other order' on either of two theories:

"(1) *It may be considered as an equitable adjunct to an injunction decree.* * * * To be sure, *such a recovery could*

*not be obtained through an independent suit in equity if an adequate legal remedy were available.* [Citing cases.] *But where,* as here, *the equitable jurisdiction of the court has properly been invoked for injunctive purposes,* the court has the power to decide all relevant matters in dispute *and to award complete relief* even though the decree includes that which might be conferred by a court of law. * * *

"(2) It may be considered as an order appropriate and necessary to enforce compliance with the Act. * * * *Future compliance* may be more definitely assured if one is compelled to restore one's illegal gains; * * *.

"The legislative background of § 205(a) confirms our conclusion that the traditional equity powers of a court remain unimpaired in a proceeding under that section so that an order of restitution may be made. * * *

" * * * To the extent that damages might be properly awarded by a court of equity in the exercise of its jurisdiction under § 205(a), * * * § 205(e) supersedes that possibility and provides an exclusive remedy relative to damages. It establishes the *sole means* whereby individuals may assert their private right to damages and whereby the Administrator on behalf of the United States may seek damages in the nature of penalties. *Moreover, a court giving relief under § 205(e) acts as a court of law rather than as a court of equity.* * * *." (Emphasis added.)

By the termination of rent control in Dallas the Expediter was shorn of all power to enforce such control in the future; that is to say, no longer was there a right to an injunction to prevent violations and to enforce control in an area that had lawfully been decontrolled. Restitution, being,

and none others, in which there is not a full, adequate, and complete remedy at law. See: Town of Grand Chute v. Winegar, 15 Wall. 373, 21 L.Ed. 174; Insurance Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501; Hipp et al. v. Babin et al., 19 How. 271, 15 L.Ed. 633; Parker v. Winnipiseogee Lake Cotton & Woolen Co., 2 Black 545, 17 L.Ed. 333.

2. Restitutionary relief may be awarded in tort actions such as replevin, ejectment,

and trover. See "Restatement of the Law of Restitution", pp. 522–523.

3. A claim to a restitutionary right is not a ground of equitable jurisdiction. In order to be entitled to recover money by way of restitution in an equity action there must also exist grounds for invoking the jurisdiction of equity. Restatement of the Law of Restitution, pp. 1–2.

as Mr. Justice Murphy held, "an equitable adjunct to an injunction decree" or "other order" which the Court could enter to aid in bringing about enforcement of the Act, was neither appropriate nor issuable when there was no longer any control to violate or violations to enjoin, and hence there remained no proceeding of which equity would have jurisdiction to which restitution could be adjunctive. A right to enforce by injunction a control that has expired is certainly not within the saving clause of either of the statutes.

 This leaves the Expediter solely with a right of action for the recovery of overcharges that have occurred within one year from the bringing of the suit, plus the damages which the statute permits in a suit at law.

This Court has held, in Creedon v. Randolph, 5 Cir., 165 F.2d 918, and in Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691, that the period of limitations provided under Section 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e), was not applicable to an equitable action for injunction and restitution under the Act when such equitable action was not sought to enforce some purely legal right. But in the present case there is no right of action surviving for an injunction, and no other equitable action to which restitution could be an adjunct, with the result that under the legal action that survives decontrol the statute of limitations of one year is in full force and effect.

The only other question involved in the case is based upon the admission of oral testimony rather than the available record evidence as to the maximum rent allowable for the premises in question. Defendants objected on the ground that the record showing the maximum legal rental on the accommodations involved was the best evidence. This .objection would have been good and sustainable had it not been for the fact that the defendants, in Paragraph 2 of their answer, admitted the amount of the maximum rental, as well as the amount of the overcharges, 'and averred that they had tendered and offered to pay same to the tenant. In the light of these admissions the lower Court was without error in overruling the objections of the defendants. There was no burden on the plaintiff to prove facts which the defendants by their pleadings had theretofore fully admitted.

The cause is remanded with directions to dismiss the suit insofar as it seeks an injunction and restitution, and for a new trial for any overcharges, together with damages, as may have accrued within one year from the date of the filing of the complaint.