UNITED STATES *v.* MOORE ET UX.

No. 344.   Argued February 28 and March 1, 1951.—Decided
March 26, 1951.

*James L. Morrisson* argued the cause for the United States.   With him on the brief were *Solicitor General Perlman, Ed Dupree, Leon J. Libeu* and *Nathan Siegel.*

*Frank Cusack* submitted on brief for respondents.

MR. JUSTICE CLARK delivered the opinion of the Court.

The United States brings this action under the Housing and Rent Act of 1947, as amended,[1] to obtain damages for violations of the Act and restitution of overceiling rentals collected. The question is whether under § 206 (b) of the Act a landlord may be ordered to make restitution of overceiling rentals where a prohibitory injunction is not required because the defense-rental area was decontrolled after the violations but before the Government brought suit.

Respondents are landlords of housing accommodations in Dallas, Texas. Between October 1, 1947, and May 31, 1949, they demanded and received rents in excess of those allowed by the applicable maximum rent regulation[2] issued under the Act. This action was begun in Federal District Court on June 29, 1949, pursuant to §§ 205[3] and 206 (b)[4] of the Act. The complaint by its terms sought a prohibitory injunction, restitution of all overcharges, and statutory damages. Respondents moved to dismiss on the ground that on June 23, 1949, six days prior to filing of the complaint, the Housing Expediter, pursuant to action taken by the City of Dallas under § 204 (j) (3) of the Act, terminated rent control in that city; that this act of the Expediter terminated as to Dallas all provisions of Title II of the Act including the remedial provisions under which this suit is brought; and that no saving clause was applicable. The District Court denied the motion. Respondents did not demand a jury. A trial to

---

[1] 61 Stat. 193, as amended, 50 U. S. C. App. (Supp. III) § 1881 et seq.

[2] Controlled Housing Rent Regulation, as amended, 12 Fed. Reg. 4331; 13 Fed. Reg. 1861; 14 Fed. Reg. 1571.

[3] 61 Stat. 199, as amended, 50 U. S. C. App. (Supp. III) § 1895.

[4] 61 Stat. 199, as amended, 50 U. S. C. App. (Supp. III) § 1896 (b).

the court concluded in a judgment for the Government, allowing statutory damages of $50 for a wilful violation and ordering restitution to the tenant of all overcharges received. On appeal by respondents the Court of Appeals for the Fifth Circuit reversed. 182 F. 2d 332 (1950). It held that the Government has a right of action solely for statutory damages under § 205 and remanded for new trial on this issue. A dismissal was directed insofar as the complaint seeks injunctive relief and restitution. The Government, asserting conflict with *Porter* v. *Warner Holding Co.,* 328 U. S. 395 (1946), petitioned for review here only of the court's denial of restitution. We granted certiorari. 340 U. S. 890 (1950).[5]

The Court of Appeals recognized that restitution of overceiling rentals may be ordered as ancillary to injunctive relief against violations of the Act or regulations. However, as petitioner conceded that it has no right to an injunction when rent control has been lawfully terminated, the court concluded that "there remained no proceeding of which equity would have jurisdiction to which restitution could be adjunctive" and that restitution "was neither appropriate nor issuable." 182 F. 2d at 336.

Petitioner asserts that it is entitled to the remedy of restitution, independently of injunctive relief, under § 206 (b) of the Act. This section provides that, if in the judgment of the Housing Expediter there is an actual or threatened violation of the Act or any regulation, "the United States may make application to any . . . court of competent jurisdiction for an order enjoining such acts or practices, or for *an order enforcing compliance* with such provision, and upon a showing that such person has

---

[5] On cross-appeal by petitioner from the trial court's order allowing statutory damages for less than the amount of the established overcharges, the Court of Appeals sustained petitioner's contention. 182 F. 2d 336 (C. A. 5th Cir. 1950). Respondents have not challenged this decision here.

engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or *other order* shall be granted without bond." (Emphasis supplied.) It is petitioner's contention that the italicized language authorizes the relief sought.

Both parties rely, as did the Court of Appeals, on the decision of this Court in *Porter* v. *Warner Holding Co., supra,* which construed § 205 (a) of the Emergency Price Control Act of 1942. This provision was the source of § 206 (b) of the 1947 Act, and the two sections are for present purposes identical. The complaint in the *Warner* case sought injunctive relief against violations and restitution of overcharges. The lower courts allowed the injunction but denied restitution. This Court reversed, concluding that an order of restitution was a proper "other order." This interpretation was required to give effect to the congressional purpose to authorize whatever order within the inherent equitable power of the District Court may be considered appropriate and necessary to enforce compliance with the Act. The Court said that the section "anticipates orders of that character, although it makes no attempt to catalogue the infinite forms and variations which such orders might take. . . . In framing such remedies . . . courts must act primarily to effectuate the policy of the Emergency Price Control Act and to protect the public interest while giving necessary respect to the private interests involved. The inherent equitable jurisdiction which is thus called into play clearly authorizes a court, in its discretion, to decree restitution of excessive charges in order to give effect to the policy of Congress." 328 U. S. at 400. Thus an equitable decree of restitution would be within the section if it was reasonably appropriate and necessary to enforce compliance with the Act and effectuate its purposes.

Adhering to the broad ground of interpretation of the "other orders" provision adopted in the *Warner* case, we

think the order for restitution entered by the District Court in this action was permissible under § 206 (b). Such a decree clearly enforces compliance with the Act and regulations for the period in which respondents demanded and received excess rentals. If the provision in § 206 (b) for orders enforcing compliance had been intended merely to insure subsequent obedience to rent regulations while in effect in a defense-rental area, it would have been unnecessary to authorize orders for other than injunctive relief since the latter remedy is wholly adequate to secure prospective compliance. See *Ebeling* v. *Woods,* 175 F. 2d 242, 244 (C. A. 8th Cir. 1949).[6]

Two contentions advanced by respondents require brief consideration. It is argued that termination of rent control in respondents' defense-rental area ended the legal effect of §§ 205 and 206 under which the action was instituted. Respondents rely here upon the literal provision of § 204 (j) (3) that "The Housing Expediter shall

---

[6] It has uniformly been the view of the lower federal courts that restitution of overcharges may be ordered under § 206 (b) of the 1947 Act and like provisions, whether or not injunctive relief is sought or is permissible at the time of the order. *Woods* v. *Wayne,* 177 F. 2d 559 (C. A. 4th Cir. 1949); *Creedon* v. *Randolph,* 165 F. 2d 918 (C. A. 5th Cir. 1948); *Jackson* v. *Woods,* 182 F. 2d 338 (C. A. 5th Cir. 1950); *Bowles* v. *Skaggs,* 151 F. 2d 817 (C. A. 6th Cir. 1945); *Warner Holding Co.* v. *Creedon,* 166 F. 2d 119 (C. A. 8th Cir. 1948); *Ebeling* v. *Woods,* 175 F. 2d 242 (C. A. 8th Cir. 1949); *Woods* v. *Richman,* 174 F. 2d 614 (C. A. 9th Cir. 1949); *Woods* v. *Gochnour,* 177 F. 2d 964 (C. A. 9th Cir. 1949); *Emery* v. *United States,* 186 F. 2d 900 (C. A. 9th Cir. 1951); *United States* v. *Mashburn,* 85 F. Supp. 968 (W. D. Ark. 1949); *United States* v. *Cowen's Estate,* 91 F. Supp. 331 (D. Mass. 1950); see *Woods* v. *Wolfe,* 182 F. 2d 516, 518–519 (C. A. 3d Cir. 1950). Only the court below in this proceeding has concluded that restitution must be denied in such cases because an injunction could not have been obtained when the complaint was filed. Compare *Ebeling* v. *Woods, supra,* and *Woods* v. *Richman, supra,* with *Miller* v. *United States,* 186 F. 2d 937 (C. A. 5th Cir. 1951).

terminate the provisions of this title" upon the taking of appropriate action by the city. We think a sufficient answer is § 204 (f), set out in the margin;[7] it provides for the survival of rights and liabilities incurred prior to the expiration of the title on either the date specified by Congress in the Act or such date as the President or Congress might later determine.

Respondents also contend that the trial of this proceeding as an action for equitable relief denied their constitutional right to a jury trial. No demand for a jury trial was made as required by Rule 38 of the Federal Rules of Civil Procedure and, so far as this record shows, any right to a jury trial was waived.

The judgment of the Court of Appeals on respondents' appeal must be reversed and the cause remanded to that court for further proceedings in conformity with this opinion.

*Reversed.*

THE CHIEF JUSTICE and MR. JUSTICE DOUGLAS would affirm the judgment on the opinion of the Court of Appeals. 182 F. 2d 332.

MR. JUSTICE BLACK and MR. JUSTICE FRANKFURTER would affirm the judgment of the Court of Appeals.

---

[7] "The provisions of this title shall cease to be in effect at the close of June 30, 1950, or upon the date of a proclamation by the President or upon the date specified in a concurrent resolution by the two Houses of the Congress, declaring that the further continuance of the authority granted by this title is not necessary because of the existence of an emergency, whichever date is the earlier; except that as to rights or liabilities incurred prior to such termination date, the provisions of this title and regulations, orders, and requirements thereunder shall be treated as still remaining in force for the purpose of sustaining any proper suit or action with respect to any such right or liability." 63 Stat. 24, 50 U. S. C. App. (Supp. III) § 1894 (f). The section has subsequently been amended in minor respects.