## Richmond

JONAS LEVINSON v. W. M. BOTT.

December 3, 1951.

Record No. 3840.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Sacks & Sacks,* for the plaintiff in error.

*Edward S. Ferebee,* for the defendant in error.

MILLER, J., delivered the opinion of the court.

By a written lease appellant, Jonas Levinson, rented an apartment in the City of Norfolk, Virginia, at a monthly rental of $57.50 from appellee, W. M. Bott, for a term of seventeen months, beginning August 1, 1947, and expiring on December 31, 1948.

At the time the lease was entered into and throughout its entire term, the maximum monthly rental established by the Office of Price Administration under the Housing and Rent Act

of 1947, Section 204, 61 Stat. 197, 50 U.S.C.A. Appendix, sec. 1894, was $35.00 for the apartment.

After appellant had occupied the leased premises for almost a year and had paid the monthly sum of $57.50 rental for eleven months, he learned that $35.00 was the maximum monthly charge permitted for the apartment. He thereupon advised his landlord that he would surrender his lease as of July 30, 1948; paid the sum of $35.00 for that, the twelfth month, and vacated the premises on the date indicated.

Appellant had paid the sum of $247.50 in excess of the maximum rent that could be charged, and instituted action on July 12, 1948, against appellee for $742.50 damages, and attorney's fees.

By the express provisions of Section 205 of the Housing and Rent Act, 61 Stat. 199, 50 U.S.C.A. Appendix, sec. 1895, where the overcharge is wilful, treble damages and reasonable attorney's fees are recoverable by the party overcharged through action brought in "any Federal, State or Territorial court of competent jurisdiction within one year after the date of such violation."

Thus the sum of $742.50 sued for represented the amount of damages fixed by the statute in this instance if wilful overcharge had been made.

The case was continued from time to time, and before the trial which was had on August 11, 1950, appellee filed a special plea to appellant's claim. It asserted that the "Housing and Rent Act of 1947 under which this proceeding had been brought, was repealed" within the City of Norfolk by an order of March 22, 1950, entered by the Housing Expediter, under authority of and pursuant to Section 204(j)(3) of the Housing and Rent Act of 1947, as amended in 1949, 63 Stat. 21, 50 U.S.C.A. Appendix, sec. 1894(j)(3) (1950 Pam.); and that such termination of rent control in the City of Norfolk abrogated appellant's claim and precluded its enforcement in a state court. The plea was sustained and the action dismissed.

For an understanding of the issues presented by this plea, certain provisions of the Housing and Rent Act of 1947, as amended by the Act of 1949, must be considered. It is also necessary that the legal effect of the order of March 22, 1950, of the Housing Expediter of the Norfolk area, which terminated the operation of the Act in that city as of March 23, 1950, as well as of an Act of the General Assembly of Virginia of March 10,

1950, which declared that "Federal rent control is no longer necessary in this State * * *" be determined.

The Housing and Rent Act, enacted June 30, 1947, effective July 1, 1947, 61 Stat, 193, 50 U.S.C.A. Appendix, sec. 1881, *et seq.*, is an outgrowth and continuation in some respects of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A. Appendix, sec. 901, *et seq.*, (1944 ed), and amendments. The Emergency Price Control Act, as amended July 25, 1946, c. 671, 60 Stat. 664, contained Section 1, 50 U.S.C.A. Appendix, sec. 901(b) (1949 Pam.), the material parts of which read:

"The provisions of this Act * * * and all regulations, orders, prices, schedules, and requirements thereof, shall terminate on June 30, 1947 * * *; except that as to offenses committed or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, prices, schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action or prosecution with respect to any right, liability or offense."

The original Housing and Rent Act of 1947 contained no such saving clause as the above permitting the enforcement of rights, liabilities, etc., that had accrued or been incurred before the Act should be terminated or expire, and its expiration date that had been fixed therein for February 29, 1948, was by amendments of 1948 deferred and extended to March 31, 1949. Yet by Section 204(j)(2) of the amending Act of 1949, *supra*, (which added and incorporated that section and certain other provisions into the 1947 Act) it is provided that upon receipt of a declaration of any state that Federal rent control was no longer necessary in that state, the Housing Expediter was required to make public announcement to that effect and thereupon all rent controls under the federal act with respect to housing accommodations within that state would be terminated on the 15th day after receipt of such declaration by the Housing Expediter. And by Section 204(j)(3) of the amending Act of 1949, *supra*, upon receipt of a resolution of the local governing body of an incorporated city or other area, adopted after certain prescribed procedure to the effect that there no longer existed such a shortage in rental accommodations as to require rent control in such city or area, the Housing Expediter was likewise required to terminate rent control in the city or designated area.

These amendments therefore changed the fixed expiration date of the act and permitted its discontinuance through designated procedure when so desired by local or state authority.

Though it does not appear from the record, except as recited in the order below, it was conceded at bar that during the spring of 1950, and prior to March 22 of that year, the Council of the City of Norfolk adopted a resolution that rent control was no longer required in that city, and pursuant to receipt of that resolution, the Housing Expediter by order of March 22, 1950, terminated the provisions of the Housing and Rent Act in that city as of March 23, 1950. The order follows:

"This decontrols the independent City of Norfolk, Virginia, a portion of the Hampton Roads, Virginia, Defense-Rental area, based on a resolution submitted in accordance with Section 204(j)(3) of the Housing and Rent Act of 1947, as amended."

Also by an Act of the General Assembly of Virginia, approved March 10, 1950, Acts of 1950, ch. 143, p. 187, it was declared that rent control was no longer necessary in Virginia. The material part of that Act follows:

"The General Assembly of Virginia hereby declares that Federal rent control is no longer necessary in this State or any part thereof and directs that the Keeper of the Rolls and the Clerk of the House of Delegates notify the Housing Expediter at once of the action of the General Assembly of Virginia this day taken.

*   *   *   *   *   *

"An emergency exists and this Act shall become effective on June 10, 1950."

Appellee contends that as neither the Housing and Rent Act of 1947 nor the decontrol order effective in the City of Norfolk on March 23, 1950, contained any saving clause or provision authorizing recovery upon pending claims for rent overcharges theretofore made, no such right of action continued in effect. He also insists that the Act of the General Assembly of Virginia (Acts of 1950, ch. 143, p. 187) was a declaration of public policy that Federal rent control was no longer necessary and its effect was to preclude recovery in any court of this State upon any claims arising under the Federal Act not reduced to judgment prior to the effective date of this State's declaration of 1950.

Appellant, however, insists that there is nothing in either

the Housing Expediter's order of March 22, 1950, or in the Housing and Rent Act to preclude recovery upon existing claims, and that his right of action which accrued previous to entry of the order is expressly saved and preserved to him by 1 U.S.C.A. sec. 109 (Supp. 1950), which reads as follows:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

He then argues that there is nothing in the Act of the General Assembly (Acts of 1950, ch. 143, p. 187), to indicate an intention to preclude recovery upon existing claims or to deny the holder of such a claim the aid of Virginia's courts, and that the Act should be construed as prospective and not retroactive in operation.

The first sentence of 1 U.S.C.A. sec. 109, provides that repeal of any statute shall not release any penalty or liability incurred thereunder unless the repealing act so expressly provides but that the original act under which the penalty or liabiliy arose shall be treated as remaining in force for the purpose of sustaining action for enforcement of the penalty or liability. The second sentence of that section is designed and intended to save and protect the claimant's accrued right of action upon expiration of a temporary statute under which his claim came into existence.

It is undoubtedly true that the Housing and Rent Act of 1947, in its original form, and as amended and extended by the supplementary Act of 1949, had expired or been repealed before trial of this action on August 11, 1950, in so far as it applied to the City of Norfolk and the State of Virginia.

If it had, by implication, been repealed as asserted by appellee in his plea, then appellant's claim and right to sue is

saved to him by the first sentence of 1 U.S.C.A. sec. 109. He might, therefore, maintain his action in a state as well as a Federal court unless the Act of the General Assembly of Virginia, Acts of 1950, *supra,* denied his relief in the state courts.

Much in point is the case of *Peters* v. *Felber,* 66 Cal. App. (2d) Supp. 1011, 152 P. (2d) 42. There the cause of action asserted involved a claim for triple damages because of overcharge under Emergency Price Control Act of 1942, *supra,* which Act of 1942 had before the date of trial been amended by the Stabilization Act of 1944, approved June 30, 1944, 50 U.S.C.A. Appendix, sec. 925(e). It was contended that the claimant had lost all right to proceed and thus lost his right of action that had accrued under the former Act because that Act had by implication been repealed by the subsequent Act which contained no saving clause under which the action could be maintained. The Court said:

"* * * The section from which we have just quoted was materially changed in subsection (b) of Section 108 of the Stabilization Extension Act of 1944, approved June 30, 1944, 50 U.S.C.A. Appendix, Section 925(e), but we are of the opinion that the amendment has no effect upon our case. The argument in support of the thought that Plaintiff's right to proceed in the pending action has terminated, is that the redraft of the section worked a repeal of the old, of course by implication, and that with the repeal of the section upon which plaintiff's right of action depends, his right ends. However, Section 29 of Title 1, U.S.C.A. (section 13, Rev. Stats.) guards this result. It provides: 'The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.' * * * Plainly, plaintiff's right to continue with this action has not been terminated by the redrafting of the section."[1]

In commenting upon 1 U.S.C.A. sec. 109, in *United States* v. *Carter* (5th Cir. 1948), 171 F. (2d) 530, Judge Waller said:

"It has long been held that this provision must be construed

---

[1] Section 29 of Title 1, U.S.C.A., is the same as 1 U.S.C.A. sec. 109, here relied upon by appellant.

as part of subsequent repealing statutes which contain no express provision as to the repeal of remedies under the repealed statute. *Great Northern Ry. Co.* v. *United States,* 208 U. S. 452, 28 S. Ct. 313, 52 L. ed. 567.

"Under this section penalties and liabilities accruing while an act was in force may be enforced after the repeal unless there is an express provision to the contrary in the repealing statute, and if a temporary statute expires by its own terms, the same is true unless such temporary statute also contains an express provision to the contrary."

In *United States* v. *Moore* (1951), 340 U. S. 616, 71 S. Ct. 524, 527, 95 L. ed. 582, an action was brought by the United States under the Housing and Rent Act of 1947, as amended, for damages and restitution of over-ceiling rental collected by landlords. The suit had originated in the Federal District Court in Dallas, Texas, where the rental premises were located, but it had not been instituted until rent control in that city had been terminated by an order of the Housing Expediter under Section 204(j)(3) of the Housing and Rent Act, as amended in 1949. Yet the suit was allowed to be maintained after rent control had ceased and recovery was granted against the landlords. See also, *Moore* v. *United States,* 182 F. (2d) 332, and *United States* v. *Moore,* 182 F. (2d) 336.

If the effect of the 1949 amendment of the Housing and Rent Act of 1947, which provides for decontrol of rent in certain areas upon declaration of the state or local governing bodies, was not to repeal the former temporary act, but merely to provide a method and means by which it would become inoperative and ineffectual, and thus expire, then in that event, appellant's claim and right to maintain this action is saved to him by the second sentence of 1 U.S.C.A. sec. 109.

It is true that in *United States* v. *Carter, supra,* and in the three *Moore Cases, supra,* the claimant's rights of action arose under Federal statutes and were being enforced in Federal courts, and in *Peters* v. *Felber, supra,* there was no declaration by the State of California as here made by the General Assembly of Virginia in the Acts of 1950, ch. 143, p. 187.

However, in our opinion there is nothing in the Virginia Act of 1950 which suggests or intimates that it is intended to be retroactive and thus to deprive a litigant of his right to enforce an otherwise valid claim in the courts of the Commonwealth.

On the contrary, the declaration "that Federal rent control is no longer necessary in this State" applies, we think to the future and did not by implication deny to claimants the right to enforce claims already accrued. Its language refers alone to future rent control and does not undertake to impede or forbid the enforcement of rights and liabilities in existence before its effective date.

As relating to the effect of the repeal of this State's "Acts of a general nature", sec. 1-4, Code of Virginia 1950, provides:

"No such repeal shall affect any * * * penalty, or forfeiture incurred or any right established, accrued or accruing before the day upon which such repeal takes effect * * *."

This section is not expressly controlling or directly in point on the legal question here presented because the alleged right of action asserted by appellant arose under a Federal act. Yet it announces Virginia's policy in situations of quite similar character, and we deem it persuasive of the view that the declaration in the Act of 1950 "that Federal rent control is no longer necessary in this State" was not intended to preclude or forbid relief in our courts upon claims that had theretofore arisen under a Federal law.

So whether the Housing and Rent Act of 1947 was in fact repealed by Sections 204(j)(2) and (3) of the Act of 1949, under the authority of which it was, by action of the proper authorities, rendered inoperative in Norfolk and Virginia respectively, or whether the provisions of the 1947 Act were caused to expire in Norfolk and Virginia by virtue of the force and effect of those sections, in either event, appellant's right to sue upon his claim was preserved by 1 U.S.C.A. sec. 109, and we find nothing in the Act of the General Assembly of 1950, *supra,* that precludes him from asserting his right in the courts of this Commonwealth.

The judgment appealed from is reversed and the case remanded for a new trial.

*Reversed and remanded.*