**MAHANOR et al. v. UNITED STATES.**

No. 4597.

United States Court of Appeals
First Circuit.

Dec. 4, 1951.

Thomas R. Saad, Brockton, Mass., for appellants.

Nathan Siegel, Atty., Office of Rent Stabilization, Washington, D. C. (Ed Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel, and Evan T. Davis, Sp. Litigation Atty., Office of Rent Stabilization, Washington, D. C., with him on the brief), for appellee.

MAGRUDER, Chief Judge.

The United States filed a complaint against Charles Mahanor and his wife Della under § 206(b) of the Housing and Rent Act of 1947, as amended, 61 Stat. 199, 63 Stat. 27, 50 U.S.C.A.Appendix, § 1896(b), asking that the defendants be enjoined from demanding or receiving any rent for a housing accommodation at 58 Carey St., Brockton, Mass., in excess of the maximum rent established pursuant to the said Act and the Controlled Housing Rent Regulation issued thereunder, 12 F.R. 4331. Since the alleged overcharges extended back into the period in which the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. was in effect, the complaint also sought a mandatory order, under § 205(a) of the Emergency Price Control Act, 56 Stat. 33, as well as under § 206(b) of the Housing and Rent Act of 1947, as amended, directing the landlord-defendants to make restitution to the tenant in the amount of the total overcharges for the whole period July 31, 1943, to August 5, 1949. The district court gave judgment for the plaintiff, enjoining the two defendants as prayed, and directing that they make restitution to the tenant in the sum of $642.45.

In the court below, the case was heard upon the pleadings and a somewhat sketchy oral stipulation of counsel. Before us, appellants pressed two points, (1) as to the defendant Charles, that there was "no evidence that he committed any violation of the Housing and Rent Act or that he was about to violate said Act", and (2) as to the defendant Della, that there was "no evidence that she was a landlord or that she did anything as a landlord."

It was agreed in the stipulation that the defendants owned the premises in question as tenants by the entirety. The record contains neither the lease nor the registration statement filed by the landlord or landlords. However, the complaint alleged that the defendants, during the period in question, "were the landlords of the premises" and in the answer that allegation was admitted by the defendant Charles. It is stated in the stipulation of facts that $25 per month was originally established as the maximum rent for the premises in question, that being the going rent on March 1, 1942, the freeze date; that this maximum rent continued in effect until some time in 1950, when the area rent control office, acting on a landlord's petition for an increase in maximum rents, ordered that the maximum rent be increased to $35 a month retroactive to March 29, 1950; that the premises were rented to John D. Cavanaugh for the period July 31, 1943, to August 5, 1949; that during this whole period the tenant made weekly rental payments to the defendant Della; that the total of all overcharges so paid amounted to $642.45. Defendant Charles having ac-

quiesced in the weekly collections of rent by his wife during this period of years, the inescapable inference is that Della had authority or apparent authority to act as collection agent for her husband. If the district court had made a finding to the contrary, on this record, the finding would have been set aside by us as being "clearly erroneous". Defendant Charles thus became liable to make restitution to the tenant of the whole amount of the overcharges, under Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, and United States v. Moore, 1951, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582.

■ Nor do we find any substantial basis of appeal by the defendant Della. It is true that under the Massachusetts law, in the case of a tenancy by the entirety, the husband has the right to the rents and profits of the property during coverture, and the wife cannot separately transfer any interest in property that she holds as a tenant by the entirety. See Pineo v. White, 1946, 320 Mass. 487, 70 N.E.2d 294, and cases cited. But we are not aware of anything in the Massachusetts law which would forbid a husband and wife, as tenants by the entirety, from joining in the execution of a lease of the premises; in which case we suppose that both would be liable on the landlord's covenants in the lease, and they certainly would both be liable as landlords under the Housing and Rent Act and the regulation issued thereunder. As previously stated, the complaint alleged that the two defendants "were the landlords of the premises" in question. Defendant Della did not flatly admit this allegation as did her husband, but the answer recited that the defendant Della "neither admits nor denies the truths of the allegations of this paragraph and demands that the plaintiff prove said allegations." Rule 8(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that if a defendant is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Defendant Della did not couch her answer in this form, as obviously she must have known whether she joined in executing the lease or not. Therefore, her answer must be taken to have admitted the allegation of the complaint that she was one of the landlords of the premises, for Rule 8(d) provides that averments in a pleading to which a responsive pleading is required "are admitted when not denied in the responsive pleading." Reed v. Hickey, D.C.E.D.Pa. 1941, 2 F.R.D. 92; 1 Barron & Holtzoff, Federal Practice and Procedure 493 (1950); 2 Moore, Federal Practice 1674 (1948).

■ It really makes no difference in what capacity Della demanded and received the excess rentals—whether on behalf of herself and husband as joint lessors, or as agent of her husband as sole lessor. Section 206(a) of the Housing and Rent Act of 1947, as amended, provides, 63 Stat. 27: "It shall be unlawful for *any person* to demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations in excess of the maximum rent prescribed under section 204, or otherwise to do or omit to do any act, in violation of this Act, or of any regulation or order or requirement under this Act, or to offer, solicit, attempt, or agree to do any of the foregoing." [Italics added.] Section 202(a) of the same Act defines the term "person" as including "an individual, corporation, partnership, association, or any other organized group of persons, or a legal successor *or representative of any of the foregoing.*" [Italics added.] 61 Stat. 196. Section 2(a) of the Controlled Housing Rent Regulation provides that, regardless of the provisions of any contract, agreement, or lease, "no person shall offer, demand or receive any rent * * * higher than the maximum rents provided by this regulation; and no person shall offer, solicit, attempt, or agree to do any of the foregoing." 12 F.R. 4332. Section 1 of this regulation defines "person" as it is defined in § 202(a) of the Act; and defines "landlord" as including "an owner, lessor, sublessor, assignee or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodations, or an agent of any of the foregoing." 12 F.R. 4331. For comparable provisions of the Emergency Price Control

Act of 1942, see § 4(a) of that Act, 56 Stat. 28, and § 302(h) of the same Act, 56 Stat. 37; and see §§ 2(a) and 13(8) of the Rent Regulation for Housing issued thereunder (10 F.R. 13528, 13536). See also Bowles v. Ruppel, 3 Cir., 1946, 157 F.2d 944.

■ That the landlord may have received the overcharges in good faith, and by agreement with the tenant, is no defense to an order for restitution under § 206(b) of the Housing and Rent Act of 1947, or under the corresponding provision, § 205 (a), of the Emergency Price Control Act of 1942. Woods v. McCord, 9 Cir., 1949, 175 F.2d 919, 922; Greider v. Woods, 10 Cir., 1949, 177 F.2d 1016; Woods v. Macken, 4 Cir., 1949, 178 F.2d 510.

■ In their statement of points on appeal, appellants assert that they "are not liable for any overcharge or violation which occurred prior to one year to the bringing of this action." This point was not mentioned in appellants' brief, and presumably has been waived. Leitner v. United States, 9 Cir., 1950, 184 F.2d 216. In any event, it is clear that the one-year limitation on the recovery of liquidated damages under § 205 of the Housing and Rent Act of 1947, and the corresponding § 205(e) of the Emergency Price Control Act of 1942, as amended, 58 Stat. 640–41, is not applicable to limit the amount of restitution which the court may order as a phase of equitable relief under § 206(b) of the Housing and Rent Act of 1947, as amended, and under the corresponding § 205(a) of the Emergency Price Control Act of 1942, as amended. Ebeling v. Woods, 8 Cir., 1949, 175 F.2d 242, 244; Woods v. McCord, 9 Cir., 1949, 175 F.2d 919; Woods v. Wolfe, 3 Cir., 1950, 182 F.2d 516; Orenstein v. United States, 1 Cir., 1951, 191 F.2d 184.

■■ Though appellants have not raised the point, we may note that we think it was not improper for the government under a single complaint, as here, to ask for restitution to the tenant not only for overcharges made in violation of the Housing and Rent Act of 1947, but also for overcharges that had been made while the Emergency Price Control Act was still in effect. In Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, it was held that an order for restitution was an "other order" of an equitable nature within the meaning of § 205(a) of the Emergency Price Control Act, appropriate to enforce compliance with the Act. It is true, in the present case the government was no longer entitled to an injunction under that section, for the Emergency Price Control Act terminated as to the future on June 30, 1947; and the injunction in the case at bar necessarily rested upon § 206(b) of the Housing and Rent Act of 1947, as amended. But as provided in § 1(b) of the earlier Act, though that Act terminated on June 30, 1947, nevertheless "as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act", and the regulations issued thereunder, "shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense." Having made overcharges in violation of the Emergency Price Control Act, appellants remained under a liability to make restitution pursuant to § 205(a) of that Act, which remains in force for the purpose of sustaining such a suit for restitution even though an injunction under that section is no longer possible. In United States v. Moore, 1951, 340 U.S. 616, 619, 71 S.Ct. 524, 526, 95 L.Ed. 582, though the United States was no longer entitled to ask for an injunction under § 206(b) of the Housing and Rent Act of 1947, the premises having been decontrolled prior to the bringing of suit, still it was held that "an equitable decree of restitution would be within the section if it was reasonably appropriate and necessary to enforce compliance with the Act and effectuate its purposes." See also Ebeling v. Woods, 8 Cir., 1949, 175 F.2d 242; Woods v. Wolfe, 3 Cir., 1950, 182 F. 2d 516.

■ We may add that no issue was made below as to the validity of the original maximum rent of $25 per month established by regulation under the Emergency Price Control Act of 1942; nor as

to the validity of the order of the area rent director, referred to in the stipulation, denying an application by the landlord in 1943 for an increase in the maximum rent on the ground of improvements and alterations. Any challenge to the validity of such regulation or order could have been made only in the United States Emergency Court of Appeals, as provided in § 204 of the Emergency Price Control Act, as amended, 56 Stat. 31–33, 58 Stat. 639–40. Appellants are not helped by the later order of the area rent office increasing the maximum rent to $35 per month, since this order was made retroactive only back to March 29, 1950. No issue was made in the court below as to the validity of this order in so far as it failed to make the granted increase retroactive to the earlier period during which the overcharges were made as alleged in the complaint. The record contains no basis for a determination that the increase should have been made retroactive to wipe out the illegality of the overcharges which were the basis for the order of restitution made herein.

The judgment of the District Court is affirmed.