**UNITED STATES v. SEE et al.**

No. 12763.

United States Court of Appeals Ninth Circuit.

Jan. 10, 1952.

J. Charles Dennis, U. S. Atty., John E. Belcher, Asst. U. S. Atty., Seattle, Wash., for appellant.

Arthur L. Haugan and Gerard M. Shellan, Renton, Wash., for appellee.

Before HEALY and BONE, Circuit Judges, and BOWEN, District Judge.

## PER CURIAM.

This action was brought by the United States under the provisions of the Second War Powers Act and §§ 7(a) and 7(c) of the Veterans' Emergency Housing Act of 1946 [1] to compel restitution of overcharges in the sale of two houses above the maximum ceiling price set by the Federal Housing Administration. The government's complaint alleged that maximum sales prices had been stipulated by appellees in securing the permission to build required under Priorities Regulation 33. [2] It alleged that the houses were sold at prices in excess of the approved price while the statute and Regulation were in effect. [3] It was asked that restitution of the overcharges be compelled for the benefit of the veterans involved.

The Veterans' Emergency Housing Act of 1946 was repealed June 30, 1947.

Appellees moved to dismiss the complaint on a variety of grounds. One of these is that the government should be precluded from suing after one year from the date of the occurrence of the violation—the statutory limitation for buyers prescribed by § 7(d) of the Act. This contention has been foreclosed by such cases as Creedon v. Randolph, 5 Cir., 165 F.2d 918; Blood v. Fleming, 10 Cir., 161 F.2d 292; Woods v. McCord, 9 Cir., 175 F.2d 919; Woods v. Richman, 9 Cir., 174 F.2d 614.

Another ground for dismissal was that since the suit was not brought in the interest of the government the court should adopt the jurisdictional minimum of $3,000 required in private suits. The point is without substance. The government clearly has an interest of its own in enforcing and vindicating the policy of a federal statute. A third ground is that a suit for restitution alone is not authorized. This argument is definitely foreclosed by United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582; Doernhoefer v. United States, 8 Cir., 190 F.2d. 358. Other grounds advanced are equally untenable.

The court granted the motion to dismiss without giving any sort of reason for its action. In Woods v. Richman, supra, we reversed and remanded in a cognate situation with instructions that the court exercise its jurisdiction and hear the case. The same course is in order here.

Reversed and remanded for further proceedings not inconsistent with this opinion.

1. 50 U.S.C.A.Appendix, §§ 631 et seq., 1821 et seq.

2. 10 Fed.Reg.15,301; 11 Fed.Reg.6,598.

3. In this respect the case is distinguishable from United States v. Fortier, 72 S.Ct. 189, where the sales had been made after the statutory authority for the Regulation had been repealed.