UNITED STATES v. SHEFF et al.

No. 12998.

United States Court of Appeals
Ninth Circuit.

Feb. 29, 1952.

Ed Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel, Nathan Siegel, Special Litigation Atty., Office of Rent Stabilization, all of Washington, 2 D. C., for appellant.

William Katz, Los Angeles, Cal., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

HEALY, Circuit Judge.

The United States sued appellees for restitution of rental overcharges pursuant to Section 205(e) of the Emergency Price Control Act of 1942, as amended,[1] and for injunction and restitution pursuant to Section 206 of the Housing and Rent Act of 1947, as amended.[2] Appellees denied having made any overcharges and alleged by way of affirmative defense that each of the tenants involved had sued them in the Los Angeles Municipal Court for treble damages on account of the same overcharges alleged here, and that in those actions judgment had gone against the tenants. The record discloses that the Municipal Court actions were dismissed on demurrer as being barred by the one-year statute of limitations applicable to such suits.

The trial court found that appellees had violated the 1942 and 1947 acts by exacting from each of the tenants Rosenberg and Ross a bonus of $500. Despite the finding, the court concluded that the judgments in the Municipal Court in favor of appellees and against these tenants barred and estopped the United States from obtaining restitution of the same overcharges. A third tenant, one Granby, is also involved in this action, it being alleged that appellees had unlawfully exacted a like bonus from him. The court found, however, that appellees had not received any bonus or overcharge from this tenant. In the condition of the record, we are not able to say that this finding is erroneous.

It is clear that the judgments against the tenants in the state court are not res judicata as against the United States, the government not having been a party to those proceedings. Hartford Accident & Indemnity Company v. Jasper, 9 Cir., 144 F.2d 266. Moreover, the remedy of restitution here sought is wholly distinct from the remedy of statutory damages. Porter v. Warner Holding Company, 328 U.S. 395, 402, 66 S.Ct. 1086, 90 L.Ed. 1332. Restitution is concerned primarily with the vindication of public rights. Woods v. McCord, 9 Cir., 175 F.2d 919. And the fact that restitution incidentally benefits the tenant does not detract from the enforcement effect of this remedy. Creedon v. Randolph, 5 Cir., 165 F.2d 918. The one-year period of limitations prescribed in respect of suits for statutory damages is not applicable in a suit by the United States to compel restitution. Woods v. McCord, supra; Woods v. Richman, 9 Cir., 174 F.2d 614. Consult also United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582, and United States v. See, 9 Cir., 194 F.2d 100.

Appellees contend further that this action is barred by the language of Section 205 of the 1947 act and Section 205(e) of the 1942 act, providing in substance that a judgment in an action under the section shall be a bar to a recovery under the section in any other action against the same defendant for the same violation. The contention is without merit. It is firmly established that the equitable remedies of restitution and injunction are provided for not in Section 205 but in Section 206, and that neither is dependent on Section 205. See United States v. Moore, supra.

As regards denial of restitution of bonuses exacted from the tenants Rosenberg and Ross, the judgment is reversed.

---

1. 50 U.S.C.A.Appendix, § 901 et seq.

2. 50 U.S.C.A.Appendix, § 1881 et seq.