## UNITED STATES v. SCHWARZ.
### No. 52 C 2804.

United States District Court,
N. D. Illinois.
Oct. 13, 1953.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for United States.

George E. Sankstone, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

This action was brought by the United States Government under Sections 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1895, 1896. In the first count of its complaint the Government seeks restitution of rental overcharges allegedly

received by the defendant between July 1, 1947 and November 1, 1952. In the second count the Government demands treble damages in an amount equal to three times the excess of the maximum rent received by the defendant in the year immediately preceding the institution of the suit. In addition the Government asks that defendant be enjoined from further violation of the Act.

The defendant has filed a motion to strike and dismiss the complaint, relying principally on the following considerations:

1. The action was not commenced within the time limited by law.

2. The complaint does not show that the tenant has exhausted his legal remedies against the defendant.

3. The Housing and Rent Act of 1947, as amended, is unconstitutional.

4. This court has no jurisdiction because the amount involved is less than $3,000.

■ 1. The Housing and Rent Act of 1947, as amended, makes two separate and distinct remedies available to the Government in enforcing the Act. Under Section 205, Paragraphs (a) and (c), a landlord who has received or collected rent in excess of the maximum rent may be liable for liquidated damages in an amount equal to three times the excess so collected. Under this Section action must be brought within one year after violation. The Government has confined its claim for treble damages to the period limited by this Section. Section 206 of the Act, Paragraphs (b) and (c), provides additional remedies, equitable in nature, which the Government may pursue in enforcing compliance with the Act. Restitution for rent overcharges is one of the equitable remedies available under this Section. United States v. Moore, 340 U.S. 616, 71 S. Ct. 524, 95 L.Ed. 582, rehearing denied 341 U.S. 923, 71 S.Ct. 740, 95 L.Ed. 1356. The one year limitation on actions contained in Section 205 does not apply to the equitable remedies provided in Section 206. Congress having placed no limitation on actions brought under Section 206, there can be none on the enforcement by governmental agencies of the policies of the Act. Woods v. McCord, 9 Cir., 175 F.2d 919.

■ 2. The Act contains no requirement that the tenant take any action or pursue any of his remedies before the Government can enforce compliance.

■ 3. The constitutionality of the Housing and Rent Act of 1947, as amended, is no longer open to serious question. United States v. Porhownik, 2 Cir., 182 F.2d 829, certiorari denied 340 U.S. 825, 71 S.Ct. 60, 95 L.Ed. 606, rehearing denied 340 U.S. 885, 71 S.Ct. 194, 95 L.Ed. 643; United States v. Shore Line Cooperative Apartments, Inc., 338 U.S. 897, 70 S.Ct. 248, 94 L.Ed. 551, reversing the opinion of Judge Shaw cited by defendant in his brief and reported in Woods v. Shore Line Cooperative Apartments, D.C.N.D.Ill., 84 F.Supp. 660. In arguing that the Act is unconstitutional the defendant relies principally on two Illinois cases, Bessette v. People, 193 Ill. 334, 62 N.E. 215, 56 L.R.A. 558, and Harding v. People, 160 Ill. 459, 43 N.E. 624, 32 L.R.A. 445, which enunciates the well-known requirement that statutory classifications must be reasonable. The argument that the Housing and Rent Act of 1947, as amended, is unreasonable or discriminatory in classifying housing accommodations or exempting some persons from rent controls has been expressly considered and denied by the United States Supreme Court. Woods v. Cloyd W. Miller Co., 333 U.S. 138, 68 S.Ct. 421, 92 L.Ed. 596.

■ 4. This court has jurisdiction of an action brought under the Housing and Rent Act of 1947, as amended, regardless of the amount in controversy. Adler v. Northern Hotel Co., 7 Cir., 175 F.2d 619.

Following the Adler case and to clear up any doubts remaining, Congress amended the Housing and Rent Act of 1947 to insert the words "regardless

of the amount involved" following the words "Suit * * *. may be brought in any Federal court of competent jurisdiction" in the first sentence of Paragraph (c) of Section 205. Defense Production Amendments of 1951, 65 Stat. 147.

In any event this court has jurisdiction of actions brought by the United States Government.

The motion of the defendant to strike and dismiss the complaint is denied, and the defendant is ordered to answer the complaint within 20 days from the date hereof.