CAMUNAS et al.

v.

UNITED STATES.

No. 4716.

United States Court of Appeals,
First Circuit.

May 11, 1954.

Jose F. Camunas, pro se, Rio Piedras, Puerto Rico, for appellants.

Warren E. Burger, Asst. Atty. Gen., and Edward H. Hickey and John G. Roberts, Attys., Dept. of Justice, Washington, D. C., on the brief, for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the defendant from a judgment against him in an action in the United States District Court for the District of Puerto Rico brought by the United States under sections 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1895, 1896, for an injunction, treble damages and restitution. The defendant and his wife were the owners of two controlled housing accommodations in Rio Piedras, in the Puerto Rico Defense Rental Area. The United States charged that the defendant had collected rentals in excess of the maximum legal rents from the tenants of these accommodations. The district court found this to be the fact and entered judgment in favor of the United States and against the defendant in the sum of $1,060.51 by way of restitution of overcharges collected from one of the tenants, and $1,379.55 by way of treble damages, or a total of $2,-440.06, plus attorney's fees of $200, and permanently enjoined the defendant from soliciting, demanding, accepting, collecting or retaining any rents in excess of the maximum legal rents established pursuant to the Act and the Regulations. The present appeal followed.

The defendant first attacks the injunction which the district court entered against him. We need not consider the grounds of his attack, however, since the injunction must in any event be vacated because it appears that rent control terminated in the Puerto Rico Defense Rental Area on July 31, 1953, after the judgment of the district court was entered but before this appeal was argued. United States v. Clawans, 3 Cir., 1953, 207 F.2d 562. Indeed the United States concedes as much.

██ Next the defendant attacks the judgment for restitution of the sum of $1,060.51. It is now settled that such a judgment may survive the termination of rent control. United States v. Moore, 1951, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582. Nonetheless we are satisfied that this part of the judgment cannot stand. For while an order for restitution could

be made under section 206(b) of the Housing and Rent Act, United States v. Moore, 1951, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed 582, it is obvious that restitution involves "restoring the status quo and ordering the return of that which rightfully belongs to the purchaser or tenant." Porter v. Warner Holding Co., 1946, 328 U.S. 395, 402, 66 S.Ct. 1086, 1091, 90 L. Ed. 1332. Here the complaint sought restitution "to the Treasurer of the United States" and the portion of the judgment here in question awarded the sum of $1,060.51 to the United States as part of the total judgment of $2,440.06. This was clearly error. The United States, which had recovered treble damages, was certainly not entitled in addition thereto to restitution of overcharges which it had not paid. Nothing in either complaint or judgment suggests restitution to the tenant or that this amount be paid to the United States in trust for the tenant. If such a prayer had been made the defendant would have been entitled in defense to the claim to show that he had been damaged by acts of the tenant which he alleged had greatly increased the wear and tear of the leased accommodation. Porter v. Warner Holding Co., 1946, 328 U.S. 395, 403, 66 S.Ct. 1086, 90 L.Ed. 1332; United States v. Fogaley, 10 Cir., 1951, 190 F.2d 163. The court made no findings as to this, however, since the United States was not asking restitution for the tenant. This part of the judgment must accordingly be reversed.

■ The contention is advanced by the defendant that the United States was not entitled to recover in this action because the Area Rent Director had not issued an order to the defendant to refund the excess rents which he had collected. It has been held, however, that such an order is not a prerequisite to such a suit as this. Woods v. Polis, 3 Cir., 1950, 180 F.2d 4, 7. This contention of the defendant is, therefore, without merit.

■ It is contended that the United States was not entitled to the award of counsel fees. The defendant asserts that such fees may be allowed under section 205 of the Housing and Rent Act only if the action is by the tenant and not if it is by the United States. There is no merit in this contention. As originally enacted in 1947 section 205 gave an action for treble damages to the tenant who paid excess rent and authorized the award of reasonable attorney's fees and costs. By the Housing and Rent Act of 1949 section 205 was amended to require an injured tenant to bring his suit within 30 days and to authorize a suit by the United States if he failed to do so. This was accomplished by adding a proviso to the section, all of the provisions of which, including that for attorney's fees, remained applicable to all such suits whether brought by the tenant within 30 days or by the United States thereafter. By the express terms of section 205, therefore, the award of attorney's fees was authorized in the present case. Compare Nicastro v. United States, 10 Cir., 1953, 206 F.2d 89, 92.

■ The defendant asserts that the United States was not entitled to judgment for treble damages because the findings of fact of the district court, especially the finding that his overcharges of rent were wilful, are not supported by the evidence. We have examined the evidence and find no merit in these contentions. On the contrary the findings have ample evidential support. Likewise we find the defendant's objections to the rulings of the trial judge during the trial and the defendant's remaining contentions, except the one about to be mentioned, so wholly lacking in merit as to require no discussion.

■ The defendant's final contention is that the district court made a mathematical error in computing the damages. The defendant correctly points out that treble damages were computed in respect to the tenant Domingo Garcia de Quevedo for a period of 10 months at $122.55 per month, whereas the court found that the period of overcharge within one year preceding the filing of the complaint was only 9 months and 14 days. The amount of the treble damages awarded by the

judgment should accordingly be reduced by the sum of $65.36 to $1,314.19.

The judgment of the district court will be vacated and the cause will be remanded with directions to enter a new judgment modified as provided in this opinion.