**WOCKNER v. UNITED STATES.**
No. 13530.

United States Court of Appeals
Ninth Circuit.
March 19, 1954.

Pomeroy, Yothers, Luckerath & Dore, Robert A. Yothers, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., John H. Binns, Sp. Asst. U. S. Atty., Seattle, Wash., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from an order enforcing an Inspection Authorization issued on June 5, 1952 by the District Enforcement Director of the Office of Price Stabilization, Seattle District, against appellant, a dealer in new and used automobiles in Seattle. The Inspection Authorization was issued pursuant to § 705(a) of the Defense Production Act of 1950 (herein "the Act"), as amended, 50 U.S.C.A.Appendix, § 2155(a), and implementing regulations issued thereunder. The court below granted enforcement pursuant to § 706(b) of the Act, as amended, 50 U.S.C.A.Appendix, § 2156 (b). The court's order requires appellant to permit inspection on his premises of certain records relating to sales of and services performed upon new and used automobiles.[1]

Many of the questions raised by appellant have been settled by our recent case of Westside Ford, Inc., v. United States, 9 Cir., 206 F.2d 627, in which we affirmed an order enforcing a subpoena issued by the Seattle

---

1. As will be pointed out later in the text of the opinion, the purpose of the O.P.S. investigation was to determine whether price ceiling regulations had been violated. This case was submitted on briefs, and a question not discussed in the briefs and which troubled us was whether this case had not become moot by virtue of the expiration on April 30, 1953 of Title IV of the Act, formerly 50 U.S. C.A.Appendix, §§ 2101–2112, dealing with price and wage stabilization. See 50 U. S.C.A.Appendix, § 2166(a). We note that the investigative provisions of the Act, 50 U.S.C.A.Appendix, § 2155, are still in effect, and that the winding up of investigations of matters arising under Title IV of the Act has been entrusted to the Attorney General. Executive Order No. 10494, Sec. 3, effective October 15, 1953, 18 F.R. 6585, 50 U.S.C.A.Appendix, § 2101 note. The same Executive Order in Sec. 3 appears to have turned over enforcement proceedings under Title IV to the Attorney General. The next question is whether there would be any remedy for violations by appellant of the price ceiling regulations, if such violations are discovered. Civil or criminal liabilities incurred under Title IV of the Act would seem to be preserved by 1 U.S.C.A. § 109. However, suits by individuals or the government for overcharges under former 50 U.S.C. A.Appendix, § 2109(d) were required to be brought within one year. The records sought to be inspected in this case pertained to sales made by appellant from December 19, 1950 to August 1, 1952, and any claim which might have existed under § 2109(d) for overcharges during such period are now barred. But it would seem that criminal sanctions might still be imposed under former § 2109 (b), and it may be that the United States can still bring an equitable action in the

District Enforcement Director against another Seattle automobile dealer. Here, as in that case, it is urged that the District Enforcement Director's definition of the scope and purpose of the investigation did not comply with 50 U.S.C.A.Appendix, § 2155(a) and the regulations issued thereunder, and that the District Enforcement Director wrongfully failed to serve a copy of the definition of scope and purpose upon appellant. The definition of scope and purpose here in question is phrased in substantially the same terms as the one challenged in the Westside Ford case. On the authority of that case we hold that the definition was adequate and that service thereof upon appellant was not required.

Appellant contends that the Inspection Authorization issued by the District Enforcement Director was void because not framed in accordance with Enforcement Procedural Regulation 1, 16 F.R. 2496[2]. Appellant asserts that the Inspection Authorization is deficient in that (1) it fails to adequately specify the evidence sought; (2) it does not describe the records sought with particularity; (3) it fails to define the scope and purpose of the inquiry; and (4) it does not state the "general relevancy" of the evidence. Assuming that all of these elements are prerequisites to enforcement, we think the requirements were met. The Inspection Authorization directed appellant to permit inspection of "Records and invoices relative to all sales of new and used automobiles sold from December 19, 1950 to present date [June 5, 1952], including records of service performed on said automobiles," and stated that such inspection was sought "In connection with an investigation to assist the Director of Price Stabilization in the enforcement and administration of the Defense Production Act of 1950, particularly (Regulation) CPR 83 and 94 and SR 5 of the GCPR." The cited regulations prescribed the ceiling prices for new and used automobiles. The designation of the records sought was as specific as could reasonably be required. The Inspection Authorization clearly indicated that the purpose of the investigation was to determine whether appellant had complied with the cited ceiling price regulations. The purpose of the investigation, together with the description of the documents sought, sufficiently delineated the scope of the inquiry, and the very nature of the records sought bespoke their "general relevancy."

The court below modified the Inspection Authorization before granting enforcement. Appellant attacks the court's enforcement order on the ground that it is so vague in its requirements, and authorizes inspection of documents so irrelevant to the purpose of the investigation, as to be violative of the "unreasonable searches and seizures" provision of the Fourth Amendment. The order, in its description of the records sought, does not differ substantially from the one affirmed by us in the Westside Ford case, and on the authority of that case we hold that the order meets the tests of specificity and relevancy.

Appellant's next contention, viz., that the court's order is improper because it compels him to be a witness against himself, contrary to the Fifth Amendment, is wholly without merit. In 50 U.S.C.A.Appendix, § 2155(b) it is provided in substance that no person shall be excused from complying with any requirement imposed pursuant to the investigative provisions of that section on

---

nature of restitution pursuant to the general remedial provisions of former § 2109(a). Cf. United States v. Sheff, 9 Cir., 194 F.2d 596.

2. Sec. 3 of Enforcement Procedural Regulation 1 provided in pertinent part as follows:

"Inspection Authorizations shall specify the person to be served, the title or official position of such person, the evidence sought to be adduced, its general relevancy, and the scope and purpose of the investigation, inspection or inquiry to be made. If books, records and other writings, premises, or property, are sought to be inspected, the request shall describe said books, records, and other writings, premises or property, with particularity."

the ground that compliance may tend to incriminate him, but that, if the self-incrimination privilege is claimed, he shall be immune from prosecution for any transaction concerning which he was compelled to give evidence. In the instant case, most if not all of the records sought to be inspected were required by valid regulations to be maintained by appellant to provide suitable information of transactions which were subjects of governmental price regulation. It is upon this fact that appellant predicates his argument. He correctly asserts that under the holding in Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787, wherein the Supreme Court was dealing with a statutory investigative scheme indistinguishable from that here applicable, he will not have immunity from prosecution for unlawful transactions which might be disclosed by the records which were required by regulations to be maintained by him, since such records, being of a quasi-public character, are not protected by the self-incrimination privilege, and the statute grants no immunity where the privilege could not have been successfully invoked. Insofar as the statute compels him to permit inspection of such incriminating records without granting immunity from prosecution, says appellant, it contravenes the Fifth Amendment and is void. The Supreme Court held squarely to the contrary in the Shapiro case.

■ Appellant contends that because on July 25, 1952 he made a certification to the President in accordance with the former § 411 of the Act, 50 U.S.C.A.Appendix, § 2111,[3] he could not be required to comply with the Inspection Authorization. The provision of § 411 of the Act which is relied upon read as follows:

"In the administration of this title [Title IV of the Act, dealing with price and wage stabilization], no person shall be required to furnish any reports or other information with respect to *sales* of materials or services at prices which are *below* ceiling, if such person certifies to the President that such *sales* were made at such prices." (Emphasis ours.)

It is clear from the text and history of the provision that it was designed only to give relief from the burden of filing reports with the O.P.S. and not to withdraw the investigative powers conferred by 50 U.S.C.A.Appendix, § 2155 (a). See House Conf. Rep. 2352, 82nd Cong., 2d Sess., U.S.Code Cong. & Adm. News, 1952, Vol. 2, pp. 1837, 1845; see also General Overriding Reg. 36, 17 F.R. 8348. Moreover, appellant's certification to the President of July 25 was not a compliance with the quoted provision. It did not certify that appellant had made any *sales below* ceiling prices. Rather, it stated only that appellant, "to the best of his knowledge and belief," had not made *sales in excess of* ceiling prices.

■ Finally, it is urged that the lower court's order exceeds the scope of the pleadings, prayer and record, that it constitutes unlawful and unreasonable harassment of appellant, and that it deprived appellant of due process of law. Appellant points to no part of the order which exceeds the scope of the pleadings, prayer and record, and we perceive none. Because of appellant's objections, the order simply specifies the information sought in greater detail than did the Inspection Authorization as issued by the O.P.S. That an Inspection Authorization may cause harassment is no ground for denying enforcement. Westside Ford, Inc., v. United States, supra. Appellant's "due process" contention is a summation of other objections, discussed above, and it is, accordingly, rejected.

The order is affirmed.

---

**3.** This section was added to the Act by an amendment of June 30, 1952, c. 530, Title I, § 114, 66 Stat. 304. This section, along with the rest of Title IV of the Act, expired on April 30, 1953. See 50 U.S.C.A.Appendix, § 2111; 50 U.S.C.A.Appendix, § 2166(a).