## UNITED STATES *v.* FORTIER ET AL.

No. 14. Argued October 10, 1951.—Decided December 11, 1951.

*Oscar H. Davis* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Baldridge* and *Samuel D. Slade.*

*Stanley M. Brown* argued the cause for respondents and filed a brief for Fortier, respondent. With *Mr. Brown* on the brief was *Meyer Green* for Marino et al., respondents.

Briefs of *amici curiae* supporting respondents were filed by *Alvan J. Goodbar* for Doernhoefer; and by *John G. Simms.*

PER CURIAM.

The United States brought this action under the Veterans' Emergency Housing Act of 1946[1] to compel restitution of allegedly excessive prices charged by respondents in the sale of two houses. The District Court entered judgment for respondents, 89 F. Supp. 708, and the Court of Appeals for the First Circuit affirmed, 185 F. 2d 608. We granted certiorari, 341 U. S. 925.

---

[1] 50 U. S. C. App. § 1821 *et seq.*

Maximum sales prices for the two houses had been stipulated by respondents in securing the permission to build required under Priorities Regulation 33.[2] Statutory authority for that regulation had been repealed before the sale of respondents' houses, except for a proviso continuing in full force and effect priorities for building materials issued under the Veterans' Emergency Housing Act of 1946.[3] The Government views the maximum prices stipulated by respondents as a condition of construction authorization and priorities assistance that survived repeal under the proviso. We reject this view.

The 1946 Act contained detailed authorization for price restrictions on houses and for priorities on building materials. When that Act was repealed in 1947, Congress provided for veterans' preferences in the sale and rental of housing and for rent ceilings on certain accommodations constructed with the assistance of priorities secured under the 1946 Act.[4] Congress addressed itself to the

---

[2] 10 Fed. Reg. 15301, as amended, 11 Fed. Reg. 6598. Respondents were required to comply with this regulation by Veterans' Housing Program Order No. 1, 11 Fed. Reg. 3190.

[3] 50 U. S. C. App. (Supp. IV) § 1881 (a), in repealing the 1946 Act, provided:

"That any allocations made or committed, or priorities granted for the delivery, of any housing materials or facilities under any regulation or order issued under the authority contained in said Act, and before the date of enactment of this Act [June 30, 1947], with respect to veterans of World War II, their immediate families, and others, shall remain in full force and effect."

Respondents' houses were not sold until November and December, 1947, months after repeal of the 1946 Act. As a result, no "penalty, forfeiture, or liability" had been incurred under the 1946 Act which would survive repeal under the general saving clause, 1 U. S. C. (Supp. IV) § 109. Compare *United States* v. *Carter*, 171 F. 2d 530 (C. A. 5th Cir. 1948).

[4] 50 U. S. C. App. (Supp. IV) § 1884 (a); *id.*, § 1892 (c) (1) (B) (3) (A).

problem of veterans' housing, but refrained from imposing any price restrictions on the sale of houses. Congress having indicated a contrary purpose, we will not impose such restrictions by implication.

*Affirmed.*

MR. JUSTICE MINTON took no part in the consideration or decision of this case.