**BRADLEY v. UNITED STATES.**
No. 14647.

United States Court of Appeals
Fifth Circuit.

June 28, 1954.

———◆———

Victor A. Sachse, Breazeale, Sachse & Wilson, Baton Rouge, La., for appellant.

G. Harrison Scott, Asst. U. S. Atty., New Orleans, La., George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is a civil action by the United States under Section 7(c) of the Veterans' Emergency Housing Act of 1946, 60 Stat. 207, 50 U.S.C.A.Appendix § 1821 et seq., although jurisdiction was also claimed under Section 301 of the Second War Powers Act, as amended, 50 U.S.C.A.Appendix, § 633, and under Section 1345 of the Judicial Code, 62 Stat. 933, 28 U.S.C. § 1345. The relief sought was a mandatory injunction to require the defendant to make restitution to a number of purchasers of houses built by the defendant.

This appeal is from a decree granting a mandatory injunction, which requires the appellant to make restitution to certain purchasers for overcharges in the sale of dwelling houses constructed and sold by him in 1946 and 1947. The houses, built by appellant and sold to the several purchasers named in the complaint, were built in accordance with the amended Federal Housing Administration's commitments, and complied with the plans and specifications approved by the Federal Housing Administration; but, despite this fact, the appellant was obliged to obtain, from the Federal Housing Expediter's agency, amended priorities, authorizing him to sell the dwellings for prices in excess of the maximum provided in the original priorities, which he failed to do in strict compliance with the regulation.

The appellant claimed below, and claims here, that relief cannot be granted in view of the fact that the complaint was not filed until after the repeal of the Veterans Emergency Housing Act of 1946. In support of this, he relies on United States v. Fortier, 342 U.S. 160, 72 S.Ct. 189, 96 L.Ed. 179, and United States v. Duvarney, 1 Cir., 185 F.2d 612; but we pass this question and proceed to a consideration of the case on the merits, as raised by appellant's second point, which is that there was only a technical failure to comply with the regulations; that appellant could have gotten a priority if application had been made for it, but he was told by the federal housing director that it was not necessary for him to do so, and the director himself testified that he would have issued the priority if application had been made for it. Since it was admitted that, due to the advance in the cost of building, the amended priorities would have been approved if appellant had applied for them, the appellant insists that it would be inequitable to permit the Government to require him to make restitution to purchasers who would be unjustly enriched thereby.

From the facts, as stipulated and found by the court below, it appears that the necessary authorization and priorities, with reference to the houses in question, were granted to the Louisiana Improvement Company, Inc., on February 12, 1946. On April 23, 1946, said corporation transferred to appellant 32 lots covered by said authorization, together with priority materials and plans for the construction of dwellings thereon, which lots include the ones on which the houses in controversy were built. Thereafter and prior to December 31, 1947, the appellant constructed the houses, after obtaining amended plans and specifications from the Federal Housing Administration, and sold all of them at or below the appraised valuations approved by the Federal Housing Administration and the Veterans Administration; but the appellant did not apply for or obtain new priorities from the Housing Expediter, whose agent was L. J. Dumestre, Director of the Federal Housing Administration. The latter testified that construction costs had increased substantially between the time of the issuance of the priorities to the Louisiana Improvement Company and the construction of the houses by the appellant. He also testified that the houses actually built were better than those originally contemplated. Consequently, he said, he would have granted the increased valuations if application had been made therefor.

It can hardly be said here that the approval of the change is a speculative matter, because the approval was actually given by L. J. Dumestre, Director of the Federal Housing Administration. This is the same man and same official who was agent for the Housing Expediter, and whose duty it would have been to approve the increase if application had been made therefor. The Housing Expediter was an officer in Washington who had no organization throughout the country to act for him except the Federal Housing Administration; and the very man who, in his official capacity, approved the changes as the directing officer of the F. H. A. would have been under the duty to approve them in his oth-

er official capacity as agent of the Housing Expediter (by virtue of being Director of F. H. A.) if he had been requested to do it. This is also the same man that told appellant such request was unnecessary, and whose testimony was favorable to appellant. Mr. Dumestre, in his capacity as F. H. A. director, had authority to sign the papers as agent of the Housing Expediter. Having given his approval in his basic capacity as F. H. A. director, it is unreasonable to think that he would have withheld his approval as agent of the Housing Expediter.

■■ The federal rules of civil procedure abolished all distinctions as to form between actions at law and suits in equity, but they did not abolish the difference in substance between legal and equitable remedies. There is no longer a law side and an equity side of the federal court, but said rules did not limit or extend the jurisdiction of the district courts of the United States. They still have and exercise jurisdiction in actions at law and suits in equity. The substantial difference between law and equity, and between legal and equitable remedies, still exists. The remedy of restitution by means of a mandatory injunction, here sought, is an equitable remedy because it operates against the person of the defendant rather than against his property. It is known to the civil as well as to the maritime law, but it was invoked here by the United States in a court of equity, which had jurisdiction to grant relief against the consequences of an honest mistake and which was bound by the maxim that equity regards that as done which ought to have been done.

■ Having approved the amended valuations as F. H. A. director, and having told appellant that it was not necessary for him to make application to the Housing Expediter for similar increases, Mr. Dumestre evidently regarded the necessary F. H. A. commitments and housing priorities as having been granted and approved. We think equity should

also treat both of these things as having been done. Accordingly the decree appealed from is reversed, and judgment rendered here for appellant.

Reversed and rendered.