703 F.2d 555
 26 Wage & Hour Cas. (BN 131, 96 Lab.Cas. P 34,355
 Unpublished Disposition
NOTICE: Fifth Circuit Local Rule 47.5.3 states that unpublished opinions should normally be cited only when they establish the law of the case, are relied upon as a basis for res judicata or collateral estoppel, or involve related facts. If an unpublished opinion is cited, a copy shall be attached to each copy of the brief.
Raymond J. Donovan, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant
v.
Thomas L. Varkonyi, Individually dba Metal Recycling Co.,
Defendant-Appellee.
 No. 82-1013.
 United States Court of Appeals, Fifth Circuit.
 March 24, 1983.
 
 1
 Before RUBIN and TATE, Circuit Judges, and DAVIS*, District Judge.
 
 
 2
 RUBIN, C.J.
 
 
 3
 Having determined that Thomas L. Varkonyi had violated the minimum wage, overtime, and record-keeping requirements of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq., the district court enjoined him from violating the FLSA in the future, ordered that the Secretary recover the amount determined to be due for back wages, but denied the Secretary's request for a restitutionary injunction. Finding that the district court improperly denied the restitutionary injunction, we remanded so that the judgment may be amended to include such an injunction.[1]
 
 
 4
 Section 17 of the FLSA grants federal district courts jurisdiction "to restrain violations" of the FLSA, including "the restrait of any withholding of payment of minimum wages or overtime compensation" found to be due to employees. 29 U.S.C. Sec. 217.[2] Section 17, by virtue of its double negative, in effect provides for an injunction requiring an employer to pay back wages. Donovan v. Brown Equipment & Service Tools, Inc., 666 F.2d 148 (5th Cir.1982). The purpose of a restitutionary injunction is two-fold. It exacts the compensation due employees who have not received the wages required to be paid them under the statute and it also corrects "a continuing offense against the public interest." Marshall v. A & M Consolidated School District, 605 F.2d 186, 189 (5th Cir.1979) (quoting Wirtz v. Jones, 340 F.2d 901, 904 (5th Cir.1965)).
 
 
 5
 The district court merely entered a money judgment, denying the Secretary the equitable remedy that the statute entitles him to. The statute contemplates the additional force of an equitable remedy, which operates directly against the defendant and is enforceable through the use of the court's contempt power. Bradley v. United States, 214 F.2d 5, 7 (5th Cir.1954).
 
 
 6
 In Brown Equipment, we held that the denial of a restitutionary injunction was an abuse of the court's small residue of discretion. "[G]ood faith is immaterial, for requiring an employer to pay what is justly due its employees is not punishment.... Present compliance is also no excuse, for a restitutionary injunction is not designed to assure future compliance but merely to correct past dereliction." 666 F.2d at 157. In light of the purposes of the Act, an injunction against withholding back pay is virtually indispensible. Donovan v. Grantham, No. 81-4478, slip op. at 420 (5th Cir. Nov. 1, 1982) (citing Brown Equipment, 666 F.2d at 156).
 
 
 7
 However, restitutionary injunctions under the FLSA for withholding payment of minimum wages or overtime compensation found to be due to employees under the Act should not issue as a matter of course on a finding of past wages due. Brown Equipment, 666 F.2d at 157. If "the employer is bankrupt, an injunction would be in vain and the employer should not be threatened with citation for contempt for not doing what he is unable to do." Id.
 
 
 8
 The defense raised against the restitutionary injunction is that Varkonyi has filed a petition for voluntary bankruptcy under Chapter 11 of the Bankruptcy Reform Act and, thus, is sheltered in that small area where the injunction may not reach him. The short answer is that, at the time judgment was entered, Varkonyi had not filed for bankruptcy. Therefore, the judgment was improperly withheld.
 
 
 9
 The Secretary properly conceded in his brief that he could not attempt to enforce the judgment during the pendency of a voluntary petition in bankruptcy. That proceeding has, however, been dismissed.
 
 
 10
 For these reasons, the case is Remanded for entry of the restitutionary injunction in accordance with the statute, together with interest from the date of the original judgment and costs.
 
 
 
 *
 District Judge of the Western District of Louisiana, sitting by designation
 
 
 [1]
 Following the date judgment was entered, Varkonyi filed a voluntary petition in bankruptcy. However, this petition has now been dismissed
 
 
 [2]
 "The district courts ... shall have jurisdiction, for cause shown, to restrain violations of Section 15, including in the case of violations of section 15(a)(2) the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this Act...." 29 U.S.C. Sec. 217